[No. 26256-8-II.   Division Two.   March 29, 2002.]

THOMAS S. HECKER, ET AL., *Respondents*, v. DENISE CORTINAS, *Appellant*.

866

*Scott S. Schwieger*, for appellant.

HUNT, J. — Denise Cortinas appeals a permanent Domestic Violence Protection Order against her. She argues that the issuing court commissioner lacked authority and erred in granting Thomas Hecker's petition for a protection order on behalf of himself and his wife, Carolyn McCord. Cortinas also challenges the constitutionality of the Domestic Violence Prevention Act (the Act) and asserts that she was entitled to a jury trial. We affirm.

## FACTS

Hecker and Cortinas were previously married and divorced. On behalf of himself and his new wife, McCord, Hecker petitioned for and was granted a temporary protection order against Cortinas. He alleged that Cortinas had been "showing up places" (including the race track where Hecker works) "harassing family member[s]," "causing problems," "making up lies," and telling their children that Hecker was "up to no good." He also alleged that Cortinas had engaged in a fistfight with McCord. On June 7, 2000, Cortinas appeared at the Hecker/McCord household, pounded

on the side of the house, and insisted that Hecker come out and talk to her. Clerk's Papers at 2-3.

On July 3, 2000, Hecker, McCord, and Cortinas appeared before a superior court commissioner and testified about whether to make the protection order permanent. The court initially noted that it was not "convinced that this matter is a matter for an order for protection. It sounds more like an anti-harassment type case." The court then asked Hecker, "[You] don't have imminent fear of your life, that [you're] physically in fear do you?" Hecker responded that he was in fear. Report of Proceedings (RP) at 5. Neither Hecker nor McCord described any actual acts of violence. But McCord testified that Cortinas had told Hecker's sister that she (Cortinas) was going to shoot them both and then kill herself.

After discussing with Cortinas the impossibility of reconciliation with Hecker, who had remarried, the court ruled, "[T]his case is appropriate for an order for protection." The court entered a permanent protection order restraining Cortinas from contacting Hecker and/or McCord at their residence or at Hecker's workplace. RP at 7. Except for claiming that the allegations were lies, Cortinas did not object that the trial court had no authority to issue a protection order to prevent contact with McCord, distinct from Hecker, as she now argues on appeal.[1]

## ANALYSIS

### I. THE ACT

The Domestic Violence Prevention Act creates "an action known as a petition for an order for protection in cases of domestic violence." RCW 26.50.030. The operative section of the Act, RCW 26.50.020(1), provides:

Any person may seek relief under this chapter by filing a petition with a court alleging that the person has been the

---

[1] Respondents Hecker and McCord did not file a brief on appeal; thus, they were precluded from oral argument.

victim of domestic violence committed by the respondent. The person may petition for relief on behalf of himself or herself and on behalf of minor family or household members.

The petition must be accompanied by a sworn affidavit, setting forth the facts supporting the request for relief. RCW 26.50.020(1); RCW 26.50.030(1); *State v. Karas*, 108 Wn. App. 692, 697, 32 P.3d 1016 (2001).[2]

The Act covers domestic · violence between family or household members:

> "Domestic violence" means: (a) Physical harm, bodily injury, assault, or *the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members*; (b) sexual assault of one family or household member by another; or (c) stalking as defined in RCW 9A.46.110 of one family or household member by another family or household member.

RCW 26.50.010(1) (emphasis added).

> "Family or household members" means *spouses, former spouses*, persons who have a child in common regardless of whether they have been married or have lived together at any time, *adult persons related by blood or marriage, adult persons who are presently residing together or who have resided together in the past . . . .*

RCW 26.50.010(2) (emphasis added).

Cortinas contends that (1) the Act is unconstitutional, (2) its application violates her due process rights, (3) she was denied the right to a jury trial, and (4) the court commissioner lacked authority to enter the protection order. She did not challenge the Act's constitutionality below, nor does she support these contentions with argument or citation to authority on appeal other than to assert, "The issues raised in *Karas* also apply here and the respondent [sic] relies upon this Court's ruling, whenever that will be issued, in

---

[2] To receive a temporary order, the petitioner must allege that irreparable injury could result if an order is not issued immediately. The order may not exceed 14 or 24 days, depending on the type of service. Unless otherwise allowed, the respondent must be personally served with the order, the petition, and notice of the hearing date. RCW 26.50.070(1), (4).

that case." Br. of Appellant at 6-7. After Cortinas filed her brief, we issued our opinion in *Karas*, 108 Wn. App. at 697-701. Thus, Cortinas' arguments fail here for the same reasons that Karas' arguments failed.

## II. The Protection Order

■ RCW 26.50.060 authorizes the trial court, after notice and a hearing, to issue a protection order. *City of Seattle v. Edwards*, 87 Wn. App. 305, 310, 941 P.2d 697 (1997). The court may restrain the respondent from committing domestic violence, from entering the petitioner's residence or workplace, and from contacting the petitioner. RCW 26.50.060(1). *Spence v. Kaminski*, 103 Wn. App. 325, 331, 12 P.3d 1030 (2000). If the court finds that the respondent "is likely to resume acts of domestic violence against the petitioner . . . when the order expires," the court has discretion to enter a permanent order of protection. RCW 26.50.060(2). *Kaminski*, 103 Wn. App. at 331. We will not disturb such an exercise of discretion on appeal absent a clear showing of abuse. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). We find no such abuse here.

### A. Scope of Petition and Order

■ Cortinas argues that Hecker could not file a protection order petition on McCord's behalf under RCW 26-.50.020(1). Cortinas also argues that the protection order violates the scope of the statute because McCord has no relationship with her that is covered by chapter 26.50 RCW. Cortinas did not raise this issue below; but because she challenges the trial court's authority to enter the order, we address it. RAP 2.5(a).

■■ RCW 26.50.020(1) expressly provides, "[Any] person may . . . petition for relief on behalf of himself or herself and *on behalf of . . . household members*." (Emphasis added.) Because McCord is Hecker's household member, he

could petition for relief on her behalf; the Act does not require that McCord herself be a "family or household member" of Cortinas under RCW 26.50.010(2). We hold, therefore, that the Act authorizes an order to protect McCord as well as Hecker.

### B. Sufficiency of Evidence

■ Cortinas also challenges the sufficiency of the evidence to support the trial court's issuance of a protection order under the Act. She first asserts that the trial court erred in granting the order based on the hearsay statements of Hecker's sister. But the rules of evidence, including the hearsay rule, need not be applied in protection order proceedings under chapter 26.50 RCW. ER 1101(c)(4). Thus, Cortinas' hearsay argument fails.

■ Cortinas next asserts that Hecker and McCord "were not harmed nor placed in fear of immediate harm." Br. of Appellant at 3. This argument also fails. First, the Act does not require infliction of physical harm; rather, the infliction of "fear" of physical harm is sufficient.

Here, the record supports the trial court's finding of fear of physical harm sufficient to warrant issuing the protection order: Cortinas appeared uninvited at the McCord/Hecker house, pounded on the exterior wall, demanded that Hecker come outside, followed the family, and had been involved in a physical altercation with McCord. Cortinas told Hecker's sister that she (Cortinas) was going to shoot them both (Hecker and McCord) and then kill herself. Hecker was in fear of Cortinas, inferentially, that she would carry out her threats to kill him and McCord. This evidence is sufficient to warrant the trial court commissioner's issuance of the protection order.

### III. Attorney Fees

Finally, Cortinas argues that she is entitled to attorney fees under RCW 26.50.060(1)(g). This section requires the

respondent to pay administrative court costs and service fees and to reimburse the petitioner for costs incurred in bringing a protection order action, including reasonable attorney fees. Cortinas contends that conversely, the respondent should also be entitled to fees and costs for defending against such an action.

■ But Cortinas cites no authority for ignoring the plain language of the statute and extending its reimbursement provision to a respondent such as herself.[3] Thus, we do not consider this argument, and we deny her request for attorney fees and costs. *Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 36, 723 P.2d 1195 (1986).

Affirmed.

ARMSTRONG, C.J., and MORGAN, J., concur.

---

[3] In contrast, the statute specifically provides only, "If the court declines to issue an order for protection or declines to renew an order for protection, the court shall state in writing on the order the particular reasons for the court's denial." RCW 26.50.060(k)(7). The statute does not mention attorney fees for a respondent defending against a protection order action.