201 P.3d 1089 (2009)
Jamie NEILSON ex rel. Kendra CRUMP, Respondents,
v.
Jacob Michael BLANCHETTE, Appellant.
No. 27066-1-III.
Court of Appeals of Washington, Division 3.
February 26, 2009.
*1090 Aaron M. Rasmussen, Rasmussen Law Offices PLLC, Spokane, WA, for Appellant.
Gerri M. Newell, Wee & Newell PLLC, Spokane Valley, WA, for Respondents.
BROWN, J.
¶ 1 Jacob Michael Blanchette, a minor, appeals the trial court's domestic violence protection order issued under chapter 26.50 RCW to protect 14-year-old Kendra Diane Crump at the request of her mother, Jamie Crump Neilson. Relevant here, RCW 26.50.010(2) limits the definition of "family or household members" found in RCW 26.50.010(1) to "persons sixteen years of age or older with whom a person sixteen years of age or older has or has had a dating relationship." Therefore, the trial court erred in issuing a domestic violence protection order to protect a 14-year old complainant. Accordingly, we reverse.

FACTS
¶ 2 Ms. Crump, whose date of birth is May 29, 1993, and Mr. Blanchette, whose date of birth is August 26, 1990, had a dating relationship. After the relationship ended, Ms. Crump's mother, Ms. Neilson, filed a petition for a domestic violence protection order on Ms. Crump's behalf, pursuant to chapter 26.50 RCW, against Mr. Blanchette. The petition alleged Mr. Blanchette hit Ms. Crump on one occasion, and sexually assaulted her on one occasion.
¶ 3 At the hearing, Ms. Neilson and Ms. Crump were represented by counsel, and Mr. Blanchette appeared pro se and did not testify, apparently due to a criminal investigation. Mr. Blanchette did not object to the trial court's authority to issue the protection order; he solely argued that he be allowed to attend East Valley High School in Spokane, the school both he and Ms. Crump attended.
¶ 4 The trial court concluded that Mr. Blanchette and Ms. Crump had a dating relationship and that domestic violence occurred between them. The trial court then entered a domestic violence protection order, effective until April 3, 2010. Among other items, the protection order restrained Mr. Blanchette from attending East Valley High School. The trial court specified the protection order was brought by Ms. Neilson on Ms. Crump's behalf, and that the protection order applies to Ms. Crump, not to Ms. Neilson. At both the time the incidents of domestic violence occurred and the time the protection order was entered, Mr. Blanchette was 17 years old and Ms. Crump was 14 years old.
¶ 5 After entry of the protection order, Mr. Blanchette filed a motion to modify or terminate the order accompanied by several new witness declarations. The trial court scheduled a hearing on the motion. At the hearing, Mr. Blanchette was represented by counsel. The trial court ruled it would not consider a motion to terminate the protection order, because that was an issue for appeal. Mr. Blanchette's focus was returning to school, relief eventually granted by the court. Then, Mr. Blanchette appealed.

ANALYSIS
¶ 6 The dispositive issue is whether the trial court erred in issuing the domestic violence protection order. Mr. Blanchette contends, for the first time on appeal, that the trial court lacked authority to issue the protection order, because he and Ms. Crump did not have a relationship covered by chapter 26.50 RCW.
*1091 ¶ 7 Generally, we may refuse to review a claim of error not raised in the trial court. RAP 2.5(a). However, where, as here, the asserted error concerns the trial court's authority to act, we may elect to review the issue. See RAP 2.5(a)(1) (appellate court may review issue of lack of trial court jurisdiction for first time on appeal).
¶ 8 Under the Domestic Violence Protection Act (the Act), chapter 26.50 RCW, a victim of domestic violence may petition for an order of protection. RCW 26.50.030. "Domestic violence" is defined, in relevant part, as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault, between family or household members ___ [or] sexual assault of one family or household member by another." RCW 26.50.010(1)(b)(c) (emphasis added). "Family or household members" are defined, in relevant part, as "persons sixteen years of age or older with whom a person sixteen years of age or older has or has had a dating relationship." RCW 26.50.010(2).
¶ 9 Statutory interpretation is a question of law, which we review de novo. W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wash.2d 599, 607, 998 P.2d 884 (2000). "In interpreting statutory provisions, the primary objective is to ascertain and give effect to the intent and purpose of the Legislature in creating the statute." State v. Watson, 146 Wash.2d 947, 954, 51 P.3d 66 (2002). "To determine legislative intent, we look first to the language of the statute." Id. "If a statute is clear on its face, its meaning is to be derived from the plain language of the statute alone." Id. In addition, "[l]egislative definitions included in the statute are controlling." Id. "[A]n unambiguous statute is not subject to judicial construction." Kilian v. Atkinson, 147 Wash.2d 16, 20, 50 P.3d 638 (2002). "A statute is ambiguous if it can be reasonably interpreted in more than one way, but it is not ambiguous simply because different interpretations are conceivable." Id. at 20-21, 50 P.3d 638.
¶ 10 Here, Ms. Neilson, on behalf of Ms. Crump, sought a domestic violence protection order. Mr. Blanchette contends the trial court lacked authority to enter such an order, because there was no "domestic violence" between him and Ms. Crump, as defined by RCW 26.50.010(1) and (2).
¶ 11 RCW 26.50.010(1) and (2) are not ambiguous. Accordingly, the "meaning is to be derived from the plain language of the statute alone." Watson, 146 Wash.2d at 954, 51 P.3d 66. Under RCW 26.50.010(1), domestic violence includes the incidents enumerated therein, "between family or household members" or "of one family or household member by another." RCW 26.50.010(1).
¶ 12 Plainly, the statutory definition of "family or household members" does not apply here, as Ms. Crump was not a "person[] sixteen years of age or older with whom a person sixteen years of age or older has or has had a dating relationship." RCW 26.50.010(2). At the time the protection order was entered, Ms. Crump was 14 years old. None of the other definitions of "family or household members" apply to the situation between Mr. Blanchette and Ms. Crump. See RCW 26.50.010(2). Accordingly, the acts committed by Mr. Blanchette against Ms. Crump were not "domestic violence," because they were not committed "between family or household members" or "of one family or household member by another." RCW 26.50.010(1)(a)(b). The trial court lacked authority to issue the domestic violence protection order.
¶ 13 Ms. Neilson contends the trial court had the authority to issue the protection order, as RCW 26.50.020(1) allowed her to petition for a protection order on behalf of Ms. Crump. In support of her argument, Ms. Neilson cites to Hecker v. Cortinas, 110 Wash.App. 865, 43 P.3d 50 (2002).
¶ 14 In Hecker, Thomas Hecker, on behalf of himself and his new wife, sought and obtained a domestic violence protection order against his ex-wife. Id. at 866, 43 P.3d 50. On appeal, his ex-wife argued that Mr. Hecker could not petition for a domestic violence protection order on his new wife's behalf, and that the trial court lacked authority to issue the protection order because his new wife had no relationship with her covered by the Act. Id. at 869, 43 P.3d 50. Division Two of *1092 this court held the Act authorized a protection order for both Mr. Hecker and his new wife. Id. at 870, 43 P.3d 50. The court reasoned that "RCW 26.50.020(1) expressly provides, `Any person may ... petition for relief on behalf of himself or herself and on behalf of ... household members.'" Id. at 869, 43 P.3d 50 (emphasis in original). The court further reasoned "[b]ecause [his new wife] is [Mr.] Hecker's household member, he could petition for relief on her behalf; the Act does not require that [his new wife] herself be a `family or household member' of [his ex-wife] under RCW 26.20.010(2)." Id. at 869-70, 43 P.3d 50.
¶ 15 The plain language of RCW 26.50.020(1) allows a victim of domestic violence to file a petition for a protection order "on behalf of minor family or household members." RCW 26.50.020(1) (emphasis added). In its reasoning, the Hecker court appears to conclude "minor" applies only to "family," and not to "household members." See Hecker, 110 Wash.App. at 869, 43 P.3d 50. However, "minor" modifies both "family" and "household members," as "family and household members" is a statutory term defined by the Act. RCW 26.50.010(2). To the extent that Hecker holds otherwise, we decline to follow it.
¶ 16 Because Ms. Crump was 14 years old, pursuant to RCW 4.08.050, Ms. Neilson was required to file the petition for the protection order on her behalf. See 4.08.050 (procedure when a minor is a party). RCW 26.50.020(2) provides an exception to the general rule in RCW 4.08.050, but it does not apply here. See RCW 26.50.020(2) (providing "[a] person under eighteen years of age who is sixteen years of age or older may seek relief under this chapter and is not required to seek relief by a guardian or next friend."). Even so, the fact that Ms. Neilson filed the petition does not eliminate the requirement of "domestic violence" between Mr. Blanchette and Ms. Crump.
¶ 17 This is not a situation where Ms. Neilson, as a victim of domestic violence herself, petitioned for relief "on behalf of minor family or household members." RCW 26.50.020(1); see, e.g., In re Marriage of Stewart, 133 Wash.App. 545, 547-49, 137 P.3d 25 (2006) (domestic violence protection order sought and obtained protecting mother and her minor children). Rather, Ms. Neilson sought relief for Ms. Crump because she had not yet reached the age where she could file for relief on her own behalf. See RCW 4.08.050; RCW 26.50.020(2). Here, a showing of "domestic violence" between Mr. Blanchette and Ms. Crump was required. See RCW 26.50.020(1) ("[a]ny person may seek relief under this chapter by filing a petition with a court alleging that the person has been the victim of domestic violence committed by the respondent."). But, under the plain language of RCW 26.50.010(2), such a relationship between Mr. Blanchette and Ms. Crump could not exist.
¶ 18 In sum, we cannot modify the Act to encompass the incidents between Mr. Blanchette and Ms. Crump. See Anderson v. City of Seattle, 78 Wash.2d 201, 202, 471 P.2d 87 (1970) (stating, "[i]t is neither the function nor the prerogative of courts to modify legislative enactments"). The trial court erred in issuing the domestic violence protection order. Having so held, we do not reach the other issues posed by Mr. Blanchette relating to whether a guardian ad litem should have been appointed for him, and whether the trial court erred by refusing to terminate the protection order based on new evidence.
¶ 19 In light of our holding, Ms. Neilson has not prevailed. Thus, we deny her requests for attorney fees. Mr. Blanchette requested costs under RAP 14.2 as the prevailing party, but he makes his request for the first time in his reply brief. Pursuant to RAP 18.1(b), "[a] party must devote a section of its opening brief to the request for the fees or expenses." Further, this court will not consider an issue raised for the first time in a reply brief. In re Marriage of Sacco, 114 Wash.2d 1, 5, 784 P.2d 1266 (1990). Accordingly, we do not address Mr. Blanchette's request for costs.
¶ 20 Reversed.
WE CONCUR: SWEENEY and KORSMO, JJ.