FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 18

STATE OF WASHINGTON

BY_____

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |  |
|---|---|---|
| SUK HUI BONBRAKE, | | |
| | Respondent, | No. 43989-1-II |
| v. | | UNPUBLISHED OPINION |
| SUNHEE LEE, | | |
| | Appellant. | |

MAXA, J. – Sunhee Lee appeals the trial court's orders granting Suk Hui Bonbrake's motion for a domestic violence protection order and denying Lee's motion for revision of that order, motion for a new trial, and motion to vacate the protection order. Lee argues that the trial court abused its discretion when it granted Bonbrake's motion for a protection order because she and Bonbrake were not family or household members as required by the Domestic Violence Prevention Act (DVPA), chapter 26.50 RCW. She also argues that the trial court abused its discretion when it awarded attorney fees and entered a $2,000 judgment for attorney fees because she did not receive proper notice.

We hold that (1) the trial court had authority to grant the motion for a domestic violence protection order because there was sufficient evidence to support the conclusion that Lee and Bonbrake were family or household members under the DVPA, (2) the trial court properly exercised its discretion to award attorney fees to Bonbrake for time spent preparing for the hearing on the domestic violence protection order because Lee failed to present any evidence at the hearing and for time spent responding to the motion to terminate the protection order because

it was the second motion brought on the same issue within two months, and (3) the trial court did not abuse its discretion when it entered the $2,000 attorney fee award because the record shows that Lee had notice of the hearing but failed to appear. Accordingly, we affirm.

## FACTS

In 2008, Walter Lee and his wife Sunhee Lee (hereafter "Lee") separated, and Sunhee Lee moved to Colorado. Walter Lee continued to live in their Olympia home. In 2011, Bonbrake moved into the Lees' house. On January 31, 2012, Lee returned to Olympia. The testimony was unclear about whether Lee moved back into the house or into a shed on the property. Lee stated that she stayed in the house with Walter Lee's permission and that she had a bed in the house. Bonbrake stated that Lee stayed in a shed behind the house and used the house's bathroom and kitchen, but that she never saw Lee stay in the house overnight.

On February 3, Lee and Bonbrake had a physical altercation at the house. Police officers arrested Lee and the State charged her with second degree domestic violence assault. Lee ultimately was acquitted after trial in June 2012.

On March 21, 2012, Bonbrake petitioned for a domestic violence protection order against Lee, claiming that she and Lee were cohabitants. On May 30, a court commissioner heard argument on the motion. Because Lee had a pending criminal matter, she did not testify or present any other evidence at the hearing. She argued that because there was already a no-contact order issued as a result of the pending criminal matter, it was an abuse of process for Bonbrake to seek a domestic violence protection order against her.

The commissioner granted the motion for a domestic violence protection order and issued an order effective for one year. The commissioner found that the parties "were roommates for a period in the home" and therefore concluded that they were "[f]amily or household members" to

2

which the DVPA applied under RCW 26.50.010(2). Clerk's Papers (CP) at 82. Bonbrake requested fees for her attorney's time preparing for the hearing because Lee did not present any evidence. The commissioner granted the request for fees, stating, "I too am unclear as to why an hour plus of the court's time was taken with a hearing where no defense was presented to the court." CP at 84. Lee moved for revision of the commissioner's decision to issue the protection order. The trial court denied the motion.

In August, Lee made three related motions regarding the domestic violence protection order. First, she moved for a new hearing, claiming that because the hearing on the domestic violence protection order took place before the resolution of the criminal matter, she was forced to either waive her right not to testify in the criminal trial or forgo presenting a defense at the protection order hearing. She requested a new hearing at which she could testify. Second, she moved to vacate the protection order, arguing that her due process rights were violated because she was deprived of her rights to her house and her career by declining to testify at the domestic violence protection order hearing. Third, she moved to terminate the protection order under RCW 26.50.130(1), arguing that she did not have a history of domestic violence, that she was acquitted of the criminal charges against her, and that she was unable to obtain employment as a registered nurse while subject to the domestic violence protection order.

The trial court denied all three motions at an August 23 hearing. Regarding Lee's assertion that she was required to remain silent at the domestic violence protection order hearing, the court noted that the hearing had been continued several times and that the trial court never told Lee that she could not seek additional motions to continue the matter pending resolution of the criminal case against her. The trial court also stated that it likely would have granted such motions, had they been made. Therefore, the trial court concluded that Lee's constitutional

3

rights were not infringed because she was not required to testify while the criminal trial was pending. The court stated that instead, Lee's attorney had made a tactical decision not to present a case.

The trial court also awarded attorney fees to Bonbrake under RCW 26.50.060 for having to prepare for the hearing because it was the second time within two months that the matter was argued. The court scheduled a hearing for September 6 to determine the amount of the attorney fee award. Lee's counsel did not appear for the hearing, and the trial court awarded $2,000 in attorney fees.

On September 17, Lee moved for reconsideration of the attorney fee award. She stated that her counsel did not receive a fee affidavit from Bonbrake until the day the fee order was entered. She argued that the fee award related only to the motion to terminate the protection order, but that Bonbrake failed to segregate the time she spent responding to the three motions. The trial court denied the motion. The trial court recognized that Bonbrake failed to timely provide Lee with a fee affidavit, but also noted that both parties were on notice that the trial court intended to award fees on September 6 and that Lee's counsel failed to appear.

Lee appeals (1) the domestic violence protection order, (2) the order denying her motion for revision of the domestic violence protection order, (3) the order denying her motion for a new trial and her motion to vacate the protection order,[1] and (4) the order denying her motion for reconsideration of the attorney fee award.

---

[1] Lee does not appeal the portion of this order denying her motion to terminate the domestic violence protection order under RCW 26.50.130(1).

## ANALYSIS

A.   AUTHORITY TO ISSUE DOMESTIC VIOLENCE PROTECTION ORDER

Lee argues for the first time on appeal that the trial court did not have authority to enter the protection order against her because she and Bonbrake were not family or household members as required by RCW 26.50.010. We disagree.

1.   Failure To Preserve Challenge

Under RAP 2.5(a), we generally will not review claims raised for the first time on appeal, unless the party claiming the error can show the presence of an exception to that rule. *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011). We may elect to review an issue where the asserted error concerns the trial court's authority to act. *Neilson ex rel. Crump v. Blanchette*, 149 Wn. App. 111, 115, 201 P.3d 1089 (2009) (citing RAP 2.5(a)(1)). In *Neilson*, Division Three of this court chose to review for the first time on appeal whether the trial court had authority to issue a domestic violence protection order because the parties were not family or household members under RCW 26.50.010. 149 Wn. App. at 115-17.

Lee asks this court to review her claim that she and Bonbrake were not family or household members for the first time on appeal. As in *Neilson*, we choose to review whether the trial court had authority under the facts of this case to issue a domestic violence protection order.

2.   Standard of Review

We review the trial court's decision to grant or deny a domestic violence protection order for an abuse of discretion. *See* RCW 26.50.060; *Hecker v. Cortinas*, 110 Wn. App. 865, 869, 43 P.3d 50 (2002). And we review a trial court's denial of a motion for reconsideration for abuse of discretion. *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 685, 41

P.3d 1175 (2002). A trial court abuses its discretion when its decision is based on untenable grounds or reasons. *In re Marriage of Cota,* ___ Wn. App. ___, 312 P.3d 695, 699 (2013).

We review a trial court's findings of fact for substantial evidence. *In re Marriage of Fahey,* 164 Wn. App. 42, 55, 262 P.3d 128 (2011), *review denied,* 173 Wn.2d 1019 (2012). Substantial evidence exists if the record contains sufficient evidence to persuade a fair-minded, rational person of the finding's truth. *Fahey,* 164 Wn. App. at 55. The party challenging a finding bears the burden of showing that it is not supported by the record. *Standing Rock Homeowners Ass'n v. Misich,* 106 Wn. App. 231, 243, 23 P.3d 520 (2001). Unchallenged findings are verities on appeal, and challenged findings are also binding on appeal if they are supported by substantial evidence. *Standing Rock,* 106 Wn. App. at 238, 243.

Evidence may be substantial even if there are other reasonable interpretations of the evidence. *Sherrell v. Selfors,* 73 Wn. App. 596, 600–01, 871 P.2d 168 (1994). We defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. *Snyder v. Haynes,* 152 Wn. App. 774, 779, 217 P.3d 787 (2009). Therefore, we will not disturb a trial court's finding of fact if substantial, though conflicting, evidence supports the finding. *Merriman v. Cokeley,* 168 Wn.2d 627, 631, 230 P.3d 162 (2010).

3.   Family or Household Members

Under the DVPA, a victim of domestic violence may petition for a protection order. RCW 26.50.030; *Spence v. Kaminski,* 103 Wn. App. 325, 330, 12 P.3d 1030 (2000). The DVPA defines "[d]omestic violence" as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, *between family or household members.*" RCW 26.50.010(1)(a) (emphasis added). The DVPA defines "[f]amily or household members"

as "adult persons who are presently residing together or who have resided together in the past." RCW 26.50.010(2).

Here, the trial court entered a finding of fact stating that Lee and Bonbrake were "roommates." CP 143. Lee does not assign error to this finding. Therefore, it is a verity on appeal. *Standing Rock*, 106 Wn. App. at 238. Although the trial court did not make a specific finding that Lee and Bonbrake were "residing together," roommates necessarily reside together. Accordingly, this finding supports the trial court's conclusion that the DVPA applies because Lee and Bonbrake were household members.

Even if Lee had assigned error to this finding, it was supported by substantial evidence. In support of her contention that she and Bonbrake did not live together, Lee notes that Bonbrake testified that she never saw Lee spend the night in the home and that she had not seen Lee before February 3, 2012. However, Bonbrake also stated that Lee lived in a shed behind the house and used the house's bathroom and kitchen. Lee told officers that she had been staying in the house with Walter Lee's permission and that she had a bed in the house. This is evidence that could persuade a rational person that Lee and Bonbrake resided together on the property. Because we do not evaluate the credibility of witnesses or re-weigh the evidence, the existence of contradictory evidence is of no consequence to our determination. *Snyder*, 152 Wn. App. at 779. Substantial evidence supports the trial court's finding that Lee and Bonbrake were "roommates."

B.    ATTORNEY FEES

Lee argues that the trial court abused its discretion when it awarded attorney fees to Bonbrake because Lee had no option but to remain silent at the domestic violence protection order hearing. She also argues that the trial court abused its discretion when it entered the

7

judgment on the amount of attorney fees because she did not receive adequate notice under CR 54. We disagree.

### 1. Decision To Award Fees

We review a trial court's decision to grant or deny attorney fees for abuse of discretion. *Roats v. Blakely Island Maint. Comm'n, Inc.*, 169 Wn. App. 263, 283-84, 279 P.3d 943 (2012). Under RCW 26.50.060(1)(g), the trial court may require the respondent to a motion for a domestic violence protection order to pay reasonable attorney fees.

At the May 30 hearing on the motion for a domestic violence protection order, the commissioner awarded attorney fees under RCW 26.50.060 because Lee did not present a defense and therefore the hearing was an unnecessary use of the court's time. The trial court also awarded attorney fees under RCW 26.50.060 on Lee's motion to terminate the domestic violence protection order because it was the second time within two months that Lee had brought the same matter before the court.

Lee argues that the trial court abused its discretion when it awarded fees for the hearing on the domestic violence protection order and on the motion to terminate the protection order because Lee "could not testify at the hearing on May 30, 2012, without waiving important constitutional rights." Br. of Appellant at 13. But the record shows that Lee was not required to choose between presenting a defense and exercising her right to remain silent. The trial court granted all of her motions to continue and stated that if she had moved to continue again because of the criminal trial, it would have granted the motion because the court had a policy of allowing a criminal defendant to first address related issues in the criminal context. Therefore, we hold that the trial court did not abuse its discretion when it decided to award attorney fees.

2.  Entry of Attorney Fee Judgment

Lee argues that the trial court abused its discretion when it entered the order awarding $2,000 in attorney fees and denied her motion for reconsideration because she presented evidence that Bonbrake failed to comply with the notice requirement in CR 54. We disagree.

CR 54(f)(2) provides that "[n]o order or judgment shall be signed or entered until opposing counsel have been given 5 days' notice of presentation and served with a copy of the proposed order or judgment" unless there is an emergency, opposing counsel has approved of the proposed order or judgment or waived notice, or presentation is made after entry of a verdict and while opposing counsel is in open court. "The purpose of the rule is to give opposing counsel an opportunity to object to the form or content of the judgment before it is entered." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE: CR 54 author's cmts. at 318 (6th ed. 2013).

Initially, the record refutes Lee's assertion she had no notice of the September 6 hearing at which the trial court determined the amount of the attorney fee award. At the August 23 hearing the trial court denied Lee's motion for a new trial, motion to vacate, and motion to terminate the protective order and also awarded attorney fees to Bonbrake for responding to Lee's motion to terminate. The trial court expressly told the parties that the presentation of the orders would occur in two weeks. The trial court further stated that counsel for Bonbrake would prepare a fee affidavit and send it to Lee's counsel, and that the affidavit would be considered at the presentation hearing.

Bonbrake's service of the fee affidavit and proposed orders on the day before the attorney fee hearing failed to comply with CR 54. However, Lee waived her right to object because she failed to appear at the hearing. The court pointed out that it reviewed the late-provided affidavit

9

only after waiting for over an hour for Lee's counsel to appear. Had Lee appeared at the hearing, she could have contested the content or of the fee affidavit and the purposes of CR 54 would have been satisfied. *See* 4 TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE: at 318. Her failure to do so should not enable her to later challenge entry of the award.

Accordingly, we hold that the trial court did not abuse its discretion when it entered the judgment on the fee award and denied Lee's motion for reconsideration.

C.    COSTS ON APPEAL

Lee also requests her costs on appeal under RAP 14.2. RAP 14.2 provides that an appellate court "will award costs to the party that substantially prevails on review." Because Lee does not prevail on any appealed issues, we deny her request.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

PENOYAR, J.

LEE, J.