IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JULIE WARE, | ) | No. 69738-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JESSE VERNON NELSON, | ) | FILED: April 28, 2014 |
| | ) | |
| Respondent. | ) | |

2014 APR 28 AM 9:36

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — To obtain a sexual assault protection order, a petitioner must establish by a preponderance of the evidence that the alleged sexual misconduct occurred. Here, the trial court found that the petitioner failed to do so after a hearing that presented a classic credibility contest. Deferring to the trial court's assessment of witness credibility, we affirm the court's decision to deny appellant's petition.

FACTS

Julia Ware, age 37, filed a petition for a sexual assault protection order, alleging that Jesse Nelson, age 40, sexually assaulted her on October 13, 2012. The petition also alleged a history of repeated sexual assault and stalking by Nelson from 1989 to the present. The court granted an ex-parte temporary

sexual assault protection order and set a hearing for a later date. The hearing occurred on November 26, 2012.

After a day of testimony from seven witnesses, the trial court denied Ware's request for an order of protection and dismissed her petition. Ware appeals.

ANALYSIS

Under chapter 7.90 RCW, the Sexual Assault Protection Order Act, a person may petition the court for an order of protection from nonconsensual sexual conduct by another person. The court must issue a sexual assault protection order if the court finds by a preponderance of the evidence "that the petitioner has been a victim of nonconsensual sexual conduct or nonconsensual sexual penetration by the respondent." RCW 7.90.090(1)(a). Here, the trial court reviewed all affidavits and exhibits and heard testimony from the petitioner, Ware, and several of the affiants. The court denied Ware's petition and entered findings of fact and conclusions of law.

Ware contends that review is de novo. This is incorrect. We review a decision to grant or deny an order of protection for abuse of discretion.[1] We will reverse only if the trial court's decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. We decline Ware's invitation to abandon this standard of review and adopt a less deferential standard for orders under RCW 7.90.090. We defer to the trier of fact on the persuasiveness of the

---

[1] In re Knight, __ Wn. App.___ 317 P.3d 1068, 1072 (2014), citing Hecker v. Cortinas, 110 Wn. App. 865, 869, 43 P.3d 50 (2002).

evidence, witness credibility, and conflicting testimony.[2] Where the court holds a

hearing and weighs contradictory evidence prior to the entry of a protection

order, the proper standard of review is the substantial evidence standard.[3]

> [T]he substantial evidence standard of review should be applied . . .
> where competing documentary evidence had to be weighed and
> conflicts resolved. The application of the substantial evidence
> standard in cases such as this is a narrow exception to the general
> rule that where a trial court considers only documents, such as
> parties' declarations, in reaching its decision, the appellate court
> may review such cases de novo because that court is in the same
> position as trial courts to review written submissions.[4]

"Credibility determinations are for the trier of fact and cannot be reviewed on

appeal."[5] We review questions of law de novo.

With respect to the allegation that Nelson sexually assaulted her on

October 13, 2012, Ware testified that the assault occurred sometime in the

evening, as it was getting dark, while she was going back and forth between her

apartment and her neighbors' apartment. However, evidence presented by

Nelson's wife and his hunting partners provided an alibi. The court specifically

found Nelson's wife to be more credible than Ware and noted inconsistencies in

Ware's evidence. The court found by a preponderance of the evidence that

Nelson did not commit the alleged assault on October 12, 2013. The court

further found that Ware did not establish by the preponderance of the evidence

that other contacts between Ware and Nelson during the previous 23 years of

---

[2] Knight, 317 P.3d at 1072; see also In re Marriage of Rideout, 150 Wn.2d 337, 351, 77 P.3d 1174 (2003).
[3] Rideout, 150 Wn.2d at 351.
[4] Rideout, 150 Wn.2d at 351.
[5] State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

their off-and-on sexual relationship amounted to nonconsensual sexual conduct or sexual penetration.

Ware asserts that the facts are undisputed. But the facts are undisputed only if one looks solely at Ware's affidavit and testimony to the exclusion of other affidavits and ignores the fact that many of the affiants presented live testimony before the trial court.

Ware also contends that the trial court erred by considering hearsay. But ER 1101(c)(4) governs the applicability of the Washington evidence rules to protection order proceedings, and the rules of evidence need not be applied in such proceedings.[6]

Substantial evidence supports the court's findings, and the findings in turn support the conclusions of law. The order denying Ware's petition is affirmed.

Becker, J.

WE CONCUR:

Cox, J.

---

[6] Gourley v. Gourley, 158 Wn.2d 460, 464, 145 P.3d 1185 (2006).