Lawrence-Berrey, J.
¶34 (dissenting) — The issue is whether the trial court abused its discretion when it limited the domestic violence protection order to 65 days, a time shortly beyond when the parties could fully argue the issues in the dissolution proceeding. Because there was no abuse of discretion, I dissent.
¶35 The trial court has discretion when entertaining petitions for domestic violence protection orders. Hecker v. *893 Cortinas, 110 Wn. App. 865, 869, 43 P.3d 50 (2002). We will not disturb such an exercise of discretion absent a clear showing of abuse. Id. Discretion is abused only when no reasonable person would have decided the issue as the trial court did. State v. Rice, 110 Wn.2d 577, 600, 757 P.2d 889 (1988).
¶36 The majority sets forth its facts as if the trial court made explicit findings of fact. It did not. It signed the order of protection that contained a preprinted boilerplate finding that Abdon Juarez committed domestic violence and is a threat to Anna Juarez. The majority infers that the pre-printed boilerplate finding sufficiently establishes that the trial court believed Ms. Juarez and disbelieved Mr. Juarez. The majority’s position would be persuasive but for the fact that the trial court did not conduct an evidentiary hearing and, thus, had no basis to believe one party over the other.
¶37 Instead of an actual evidentiary hearing, each party spoke only a few sentences, addressing the allegations in the most perfunctory manner. Then Mr. Juarez’s attorney spoke. Mr. Juarez’s attorney suggested that the petition should be denied, and that a judicial officer determine the appropriateness of protective orders and residential placement in approximately two months when temporary orders in the dissolution action could be fully considered. The trial court did not agree to this. Instead, the trial court’s solution was to grant a short-term protective order until the matter could be fully heard in the dissolution proceeding. This solution left Ms. Juarez fully protected. Ms. Juarez did not object to this solution.
¶38 The trial court likely thought each party was satisfied with this solution. This would explain why it did not request the parties to address the specific allegations, allow the parties to cross-examine each other, or state its findings. It was not until Ms. Juarez moved for reconsideration that the trial court learned that she was dissatisfied with its solution.
*894 ¶39 But the majority has the benefit of hindsight and uses this benefit in its opinion. The majority notes that the temporary orders never were argued in the dissolution action. This fact was never brought to the trial court’s attention. It is, therefore, improper for us to consider it on appeal. Dioxin/Organochlorine Ctr. v. Dep’t of Ecology, 119 Wn.2d 761, 771, 837 P.2d 1007 (1992).
¶40 But rather than remand so the trial court can conduct an actual evidentiary hearing, consider the new evidence, state its findings, and possibly enter a one-year protection order, the majority announces a new rule: “[T]he tenor of RCW 26.50.025(2) directs the trial court to reject other available proceedings and remedies as an influence on the remedy granted in a Domestic Violence Prevention Act petition.” Majority at 888. This rule ignores the plain and unambiguous language of the statute.
¶41 RCW 26.50.025(2) provides in relevant part, “Relief under this chapter shall not be denied or delayed on the grounds that the relief is available in another action.” (Emphasis added.) This language is plain and unambiguous. Here, the trial court did not deny or delay relief. Instead, it ordered immediate relief.
¶42 The majority’s new rule goes beyond the statute. If the legislature intended the statute to mean what the majority says, it would have said so. But the legislature did not. Nor does the statute. There is no textual support for the majority’s new rule.
¶43 I am concerned the majority’s new rule will make victims of domestic violence less safe. Most domestic violence occurs in private, with proof limited to the testimonies of the parties. Even experienced jurists lack prescience to know which party is being truthful and which is not. When faced with uncertain claims of domestic violence—and most claims that lack at least one nonparty witness are uncertain—trial courts would rather enter immediate but limited relief. Now, faced with the choice of entering long-term relief in uncertain cases or denying relief, trial courts will prob *895 ably deny relief. If so, the majority’s new rule actually endangers victims of domestic violence.[1]
¶44 In conclusion, RCW 26.50.025(2) is plain and unambiguous. It says what it says: “Relief under this chapter shall not be denied or delayed on the grounds that the relief is available in another action.” RCW 26.50.025(2) (emphasis added). I would not interpret plain language as meaning anything other than what it says. Here, the trial court did not deny or delay Ms. Juarez relief. It provided Ms. Juarez immediate relief. When applying the plain language of the statute, it is evident that the trial court neither violated RCW 26.50.025(2) nor abused its wide discretion. I would affirm the trial court.

 Mr. Juarez did not participate in this appeal. We do not have the benefit of factual and legal counterarguments. In such a situation, appellate courts are more prone to err. For this reason, we should not be issuing a published opinion announcing a new rule of law.