[No. 65404-7-I.   Division One.   August 22, 2011.]

DEBORAH COLE, *Respondent*, v. HARVEYLAND, LLC, ET AL., *Appellants*.

*Katherine George* (of *Harrison Benis & Spence LLP*), for appellants.

*Jeffrey L. Needle*, for respondent.

*D. Michael Reilly* on behalf of National Federation of Independent Business, amicus curiae.

¶1 BECKER, J. — The Washington Law Against Discrimination, chapter 49.60 RCW, provides an exemption from private suit for employers of fewer than eight persons. Where the employer fails to raise the eight-employee issue in the trial court, RAP 2.5(a) does not provide a basis for appellate review. The eight-employee threshold is not "jurisdictional," and the present case is not one where the plaintiff wholly failed to establish facts upon which relief could be granted. The issue is waived.

¶2 Donald Harvey owns Harveyland LLC, a limited liability company that in turn owns five apartment buildings. Deborah Cole was employed as the resident manager of one of them, the Marwood Apartments. Cole also worked directly for Harvey as his assistant in the management of all five of his properties and in other special projects. Cole worked for Harvey for about 16 years. She performed her duties satisfactorily and without complaint.

¶3 Harvey turned over the operation of the Marwood to his daughter, Michelle Jerome, in late April 2008. About the same time, Cole injured her knee on the job. She obtained a doctor's note stating that she should be excused from work for the next two weeks except for light duties with no lifting. On May 16, without making inquiry into what specific tasks Cole would still be able to do, Jerome fired Cole. Jerome had no previous experience or training in property management, and she was unfamiliar with the laws pertaining to disabled employees.

¶4 Cole brought suit under chapter 49.60 RCW, the Washington Law Against Discrimination. The defendants included Harvey, Jerome, Harveyland LLC, and the limited liability company that owns the Marwood. We will refer to the defendants collectively as "Harveyland." A jury found Harveyland liable for disparate treatment of Cole based on her disability and for failing to reasonably accommodate her disability. The verdict awarded Cole $385,000.00. After adding attorney fees and prejudgment interest, the court entered a judgment of $532,551.42. This appeal followed.

¶5 It is an unfair practice for any "employer" to discharge or bar any person from employment because of the presence of a physical disability. RCW 49.60.180(2). The primary issue on appeal concerns the eight-employee threshold for private suit set by the definition of "employer." The term includes "any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons." RCW 49.60.040(11). Under this definition, employers of fewer than eight employees are exempt from the remedies provided in a private action under the Washington Law Against Discrimination. *Griffin v. Eller*, 130 Wn.2d 58, 61, 922 P.2d 788 (1996). In a case where the number of employees was in dispute, we held that the "payroll method" is "an effective means of demonstrating whether a person has an employment relationship on the day an alleged unfair employment practice is alleged to have occurred." *Anaya v. Graham*, 89 Wn. App. 588, 593, 950 P.2d 16 (1998). The payroll method examines whether an individual's name is on the employer's payroll for the period covering the pertinent dates. *Anaya*, 89 Wn. App. at 593.

¶6 The question of who had the burden of proving whether Cole's employer had enough employees to be considered an "employer" under RCW 49.60.040(11) did not arise in the trial court at any time before or after the verdict. Cole's complaint contained no allegation that her employer had at least eight employees. Harveyland's answer did not say anything about the number of employees.

Neither party offered payroll records into evidence to prove the number of employees. Neither party proposed an instruction informing the jury that it was necessary to determine whether Cole's employer had at least eight employees. The elements instructions given by the court were modeled upon Washington pattern instructions, none of which refer to the eight-employee threshold. *See* 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 330.32, 330.33 (5th ed. 2005). Harveyland has not assigned error on appeal to the instructions that *were* given.

¶7  The only occasion during the trial where the so-called "numerosity" issue was touched upon was during Cole's cross-examination of Donald Harvey after she rested her case:

> Q. [Counsel for Cole:] Mr. Harvey, during the period of time when Ms. Cole worked for you, it's true that you had approximately 10 employees? Isn't that right, Mr. Harvey?

> A. [Harvey:] I'm sorry?

> Q. [Counsel:] You had approximately 10 employees; isn't that right?

> A. [Harvey:] It varied, but about that.

Counsel for Harveyland did not attempt to clarify or limit Harvey's answer to this question.

¶8  Harveyland now contends that it was Cole's burden to prove that her employer had at least eight employees. Harveyland maintains that Harvey's testimony, quoted above, was insufficient because on the dates when the alleged discrimination occurred, Cole was working only for the Marwood, not directly for Harvey.

■■ ¶9  An appellate court "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a); *Roberson v. Perez*, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). As the use of the word "may" in the rule indicates, ultimately an appellate court's decision to review an error not raised in the trial court is discretionary. *Roberson*, 156 Wn.2d at 39. The rule contains three express exceptions: "a party

may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right." RAP 2.5(a). Harveyland argues it may properly raise the eight-employee issue under the first and second exceptions.

## THE NUMEROSITY REQUIREMENT IS NOT JURISDICTIONAL

¶10 Harveyland contends the statutory exemption for employers of fewer than eight employees is a limitation on the subject matter jurisdiction of Washington courts.

■ ¶11 Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). A judgment entered by a court that lacks subject matter jurisdiction is void. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994). There is no time limit for attacking a void judgment. *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 324, 877 P.2d 724 (1994). Harveyland contends the trial court lacked subject matter jurisdiction because Cole failed to prove her employer had at least eight employees, and consequently the judgment in favor of Cole is void.

¶12 Because the consequences of a court acting without subject matter jurisdiction are draconian and absolute, appellate courts must use caution when asked to character-ize an issue as "jurisdictional" or a judgment as "void." Judicial opinions sometimes misleadingly state that the court is dismissing for lack of jurisdiction when some threshold fact has not been established. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Litigants who have failed to preserve a claim of error in the trial court will then seize upon such casual references to "jurisdiction" in appellate opinions as a basis

to argue that an issue may be raised for the first time on appeal. That is what has happened here. Harveyland's argument that the eight-employee limitation is "jurisdictional" rests on snippets of case law not intended to be precedential for the scope of the superior court's subject matter jurisdiction.

¶13 Harveyland places principal reliance on *Neilson ex rel. Crump v. Blanchette*, 149 Wn. App. 111, 201 P.3d 1089 (2009). In that case, the trial court entered a protection order in favor of a 14-year-old girl, Nielson, against her 17-year-old ex-boyfriend, Blanchette. On appeal, the boy successfully argued that the trial court lacked authority to issue the protection order because given their respective ages, the girl did not have a relationship covered by the statute. Although the issue had not been raised in the trial court, this court elected to address the issue and reverse the order, citing RAP 2.5(a)(1).

> Generally, we may refuse to review a claim of error not raised in the trial court. RAP 2.5(a). However, where, as here, the asserted error concerns the trial court's authority to act, we may elect to review the issue. *See* RAP 2.5(a)(1) (appellate court may review issue of lack of trial court jurisdiction for first time on appeal).

*Neilson*, 149 Wn. App. at 115.

¶14 According to Harveyland, *Neilson* provides authority for construing a definitional statute as imposing a jurisdictional requirement. We disagree. The very broad subject matter jurisdiction of the superior court is defined by the state constitution, not by statutes. WASH. CONST. art. IV, § 6; *Young v. Clark*, 149 Wn.2d 130, 134, 65 P.3d 1192 (2003); *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011). Indeed, our Supreme Court has rejected the contention that RCW 49.60 is a "jurisdictional statute." *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 98-99, 864 P.2d 937 (1994). Exceptions to the jurisdictional grant in article IV, section 6 are to be narrowly construed. *Burnside*, 123 Wn.2d at 99.

¶15 The *Neilson* court chose to exercise its discretion under RAP 2.5(a) to review an error not raised below. There were sound reasons to do so, having nothing to do with jurisdiction. There was no factual issue left undeveloped in *Neilson*, the age of the parties was undisputed, and the only issue, a purely legal one, was whether the trial court issued an order for which it lacked *statutory* authority. Thus, the reference to "jurisdiction" in *Neilson* is not precedential.

¶16 Harveyland also offers as authority a sentence from the dissenting opinion in *Griffin*. The dissent criticized the majority for enforcing the eight-employee exemption and thereby depriving the courts of "jurisdiction" over cases of invidious discrimination by small employers. *Griffin*, 130 Wn.2d at 96 (Talmadge, J., dissenting). Because the majority opinion did not rebut the dissent's use of the term "jurisdiction," Harveyland suggests that the eight-person limit is generally understood to be jurisdictional. But the meaning of a majority opinion is not found in a dissenting opinion. *Roberts v. Dudley*, 140 Wn.2d 58, 75 n.13, 993 P.2d 901 (2000) ("[T]he precedent which binds the court here is that spoken by the majority in *Griffin*, not the dissent."). And properly understood, the dissent was simply arguing that the majority was interpreting the remedies provided by the *statute* too rigidly.

¶17 The Washington Human Rights Commission has promulgated a regulation concerning the eight-employee threshold entitled "Jurisdiction—Counting the number of persons employed." WAC 162-16-220. Harveyland argues this label should be given "great weight" because it shows that the administrative body entrusted with enforcing the statute regards the presence of eight employees as a prerequisite for "jurisdiction." But again, the subject matter jurisdiction of the superior court originates in the state constitution. Administrative regulations have no effect upon it.

¶18 In *Arbaugh*, in the analogous setting of a federal antidiscrimination claim, the United States Supreme Court

rejected an argument similar to Harveyland's. Under the federal statute, an "employer" must have 15 or more employees. 42 U.S.C. § 2000e(b); *Arbaugh*, 546 U.S. at 503. The employer failed to raise the numerosity issue until after judgment was entered on a verdict for the plaintiff. The district court, persuaded that the issue went to its subject matter jurisdiction, vacated the judgment after being presented with proof that the employer had fewer than 15 employees. On appeal, the Supreme Court held that numerosity is an element of a Title VII claim, not a jurisdictional requirement. *Arbaugh*, 546 U.S. at 516. Therefore, the district court should not have allowed the employer to assert its objection after the close of trial on the merits. *Arbaugh*, 546 U.S. at 504.

¶19 As the United States Supreme Court has observed, "jurisdiction" is a word of too many meanings. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Courts have sometimes been "profligate" in the use of the term, producing "unrefined dispositions" that the Court has referred to as " 'drive-by jurisdictional rulings.' " *Arbaugh*, 546 U.S. at 510-11. Our Supreme Court has similarly observed that " 'improvident and inconsistent' " use of the term "subject matter jurisdiction" has caused it to be confused with a court's authority to rule in a particular manner. *Marley*, 125 Wn.2d at 539 (quoting *In re Marriage of Major*, 71 Wn. App. 531, 534-35, 859 P.2d 1262 (1993)); " 'If the phrase is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error.' " *Marley*, 125 Wn.2d at 539 (quoting *Major*, 71 Wn. App. at 534-35); *see also Williams*, 171 Wn.2d at 732 (Idaho court caused confusion by conflating the term "jurisdiction" with factual issues relevant to whether a tort action is barred).

¶20 Despite these cautionary rulings, the terminology of subject matter jurisdiction continues to pop up outside its boundaries like a jurisprudential form of tansy ragwort. This case provides us with one more opportunity to stamp it out.

¶21 The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy. *Williams*, 171 Wn.2d at 730. "Where one state resident sues another in tort, the superior courts of Washington State have subject matter jurisdiction." *Williams*, 171 Wn.2d at 730. An antidiscrimination lawsuit under chapter 49.60 RCW sounds in tort. *Blair v. Wash. State Univ.*, 108 Wn.2d 558, 577, 740 P.2d 1379 (1987); *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wn. App. 147, 174, 225 P.3d 339 (2010). Without question, then, Cole's action against Harveyland is within the subject matter jurisdiction of the Washington superior court. The judgment is not void.

¶22 If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction. *Marley*, 125 Wn.2d at 539. In this case, the alleged error goes to a statutory issue, the definition of "employer." The statutory eight-employee threshold for antidiscrimination claims is a matter of substantive law to be raised at trial, not a prerequisite of subject matter jurisdiction. RAP 2.5(a)(1) does not furnish a basis for this court to consider the alleged lack of proof of the eight-employee threshold where the claimed error was not raised in the trial court.

FACTS UPON WHICH RELIEF CAN BE GRANTED

¶23 Harveyland also presents RAP 2.5(a)(2) as a basis for raising the numerosity issue. This rule permits a party to raise "failure to establish facts upon which relief can be granted" for the first time on appeal. *Gross v. City of Lynnwood*, 90 Wn.2d 395, 400, 583 P.2d 1197 (1978); *Roberson*, 156 Wn.2d at 40. Although not cited by either party, *Gross* and *Roberson* are the precedents we find most relevant in determining whether to consider the merits of Harveyland's appeal under RAP 2.5(a)(2).

¶24 In *Gross*, the appellant was 35 years old when on his third try he satisfactorily completed the oral and written

examinations for becoming a fire fighter. He was eliminated from competition on the basis of a statute that required applicants to be under 35 to be eligible. He brought an action alleging age discrimination and appealed when his action was dismissed. The court concluded that insofar as RCW 49.60.180 pertains to age discrimination, its protection was only for persons aged 40 to 65 because that is the age range specified by a companion statute, RCW 49.44.090. The city had not mentioned RCW 49.44.090 in the trial court, and the appellant argued the city had waived any argument based on the statute. The court invoked RAP 2.5(a)(2) as a basis for considering the statute for the first time on appeal:

> Appellant further suggests that, even if RCW 49.44.090 limits the age discrimination action, respondents have waived the right to rely upon its operation since such reliance is in the nature of an affirmative defense. He argues respondents' failure to plead or argue the applicability of this statute in the trial court precludes raising it on appeal.
>
> We disagree with appellant's view of RCW 49.44.090. In our opinion, this particular statutory limitation on the class of persons entitled to a civil cause of action for age discrimination operates to define the specific facts upon which relief may be predicated. A party may raise failure to establish facts upon which relief can be granted for the first time in the appellate court. RAP 2.5(a)(2). Respondent is thus not precluded from raising appellant's failure to establish he is within the protected class. Inasmuch as appellant failed to establish the facts upon which relief can be granted, dismissal of his complaint for age discrimination under RCW 49.60 was not error.

*Gross*, 90 Wn.2d at 400.

¶25 The court's willingness in *Gross* to entertain an argument based on a statute not previously raised was an application of the well-established principle that courts will generally apply a governing statute or case even if the parties ignore it:

> Courts should not be confined by the issues framed or theories advanced by the parties if the parties ignore the mandate of a

statute or an established precedent. A case . . . should be governed by the applicable law even though the attorneys representing the parties are unable or unwilling to argue it.

*Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 623, 465 P.2d 657 (1970). The same principle drove the decision in *Roberson*. There, the defendant in a suit for negligent investigation succeeded in getting a damage award overturned with an argument newly raised on appeal. The argument was based on a recent Supreme Court decision that plaintiffs cannot maintain an action for negligent investigation of child abuse when the negligence does not result in a harmful placement decision. Allowing the new argument, the court reaffirmed its previous statements that a new issue can be raised on appeal when the question raised affects the right to maintain an action. *Roberson*, 156 Wn.2d at 40.

¶26 Harveyland argues in effect that the eight-employee threshold set forth in RCW 49.60.040(11) operates to define the specific facts under which relief can be granted in a private antidiscrimination suit under RCW 49.60.180. *See Gross*, 90 Wn.2d at 400. In the circumstances of this case, the argument is not compelling.

¶27 First, Harveyland has not shown it is the plaintiff's obligation to prove her employer has eight or more employees in order to maintain the cause of action. The Washington Law Against Discrimination creates the eight-employee threshold through its definition of "employer," but the statute does not classify it either as an element that a plaintiff must prove or as a defense that can be waived. Neither party has briefed the issue of who has the burden of proof. The pattern instructions are completely silent on the matter of who has the burden of proof. We have found no case authority in Washington that provides guidance.

¶28 Second, even if the eight-person threshold is an element of the plaintiff's case, on this record it is impossible to say that factual support for the cause of action was lacking. In *Gross*, the undisputed fact that the applicant

was under 40 is what made it impossible for him to maintain the antidiscrimination action as defined by statute. In *Roberson*, the plaintiffs' own testimony conclusively established that they had sent their son away from home voluntarily. This undisputed fact made it impossible for them to maintain a cause of action for negligent investigation because the court had defined it as requiring a harmful placement decision. *Roberson*, 156 Wn.2d at 47. In the present case, no undisputed fact precluded Cole from maintaining her cause of action. In fact, Donald Harvey testified that he had approximately 10 employees while Cole was working for him. On its face, his testimony satisfied the definition of "employer."

¶29 Harveyland now argues that Harvey's five properties were not managed in common and should have been treated as separate employers; that when Cole was fired, it was only in connection with her work at the Marwood; and that the Marwood had, at most, five employees. Because Harveyland did not raise these arguments below at a time when Cole potentially could have defeated them, it would be unfair to give them any attention on appeal.

¶30 We conclude Harveyland has not demonstrated a failure by Cole to establish facts upon which relief can be granted. Review under RAP 2.5(a)(2) is unwarranted.

## EXCLUSION OF EVIDENCE

¶31 Harveyland contends a new trial must be granted because of an alleged error in excluding evidence.

¶32 Before firing Cole, Jerome asked an employee of the Department of Labor and Industries if she could legally fire an employee who had a pending Labor and Industries disability claim. The response she received was that she could fire an employee who was unable to do her job. The court excluded the evidence as irrelevant, or alternatively under ER 403 (probative value substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury).

¶33 We review evidentiary rulings for an abuse of discretion. *Martini v. Boeing Co.*, 88 Wn. App. 442, 466, 945 P.2d 248 (1997), *aff'd*, 137 Wn.2d 357, 971 P.2d 45 (1999). The trial judge has wide discretion in balancing the probative value of evidence against its potential prejudicial impact. *State v. Coe*, 101 Wn.2d 772, 782, 684 P.2d 668 (1984).

¶34 Harveyland argues that Jerome's inquiry showed she was concerned for Cole's rights as a disabled employee and thus did not have discriminatory intent. Harveyland also argues that the advice Jerome received tended to explain why she fired Cole without offering reasonable accommodation.

¶35 Jerome's discriminatory intent, or lack thereof, was relevant to Cole's claim of disparate treatment. *Parsons v. St. Joseph's Hosp. & Health Care Ctr.*, 70 Wn. App. 804, 807, 856 P.2d 702 (1993). Still, the evidence related only remotely to the ultimate question posed by instruction 4: whether Cole's disability was a substantial factor in Jerome's decision to fire her. Jerome largely admitted that point in deposition testimony read at trial. And the risk of unfair prejudice and jury confusion was substantial. The jury might have erroneously believed that the advice Cole received was authoritative and reliable simply because it came from a state agency. The evidence tended to suggest, misleadingly, that an employer who seeks advice about the law can be excused for violating it even if the advice is wrong. We conclude the trial court was within its discretion to exclude the evidence.

¶36 Cole's request for attorney fees as the prevailing party on appeal is granted. RCW 49.60.030(2); *Delahunty v. Cahoon*, 66 Wn. App. 829, 843, 832 P.2d 1378 (1992).

¶37 Affirmed.

LEACH, A.C.J., and SCHINDLER, J.,concur.