[No. 66268-6-I.   Division One.   April 2, 2012.]

*In the Matter of the Marriage of* AMY BUECKING, *Respondent*, and TIM BUECKING, *Appellant*.

*David G. Porter*, for appellant.

*Philip J. Buri* (of *Buri Funston Mumford PLLC*), for respondent.

¶1 ELLINGTON, J. — Petitions for marital dissolution are within the broad subject matter jurisdiction of the superior court. Failure to adhere strictly to the statutory framework governing such actions, including the 90-day waiting period, does not cause the court to lose its constitutional powers or render its decree void. Nor is such an error a manifest constitutional issue permitting review for the first time in this court.

¶2 The statutes require a 90-day "cooling off" period before the court may enter a decree of dissolution. Here, more than 500 days had passed since the filing of a petition

for legal separation, but only 82 days had passed since the petition was amended to seek dissolution. When a separation petition is amended to seek dissolution, it is unclear whether the statutes contemplate a new waiting period. It is also unclear whether it matters that the amended petition was jointly filed.

¶3 In any case, the alleged error could easily have been avoided had the issue been timely raised below. The decree is not void, the issue was not raised below, and this court can grant no effective relief.

## BACKGROUND

¶4 Tim Buecking and Amy Westman (formerly Buecking) were married for nine years and have three minor children.

¶5 On December 12, 2008, Westman filed and properly served a petition for legal separation. The court entered a temporary parenting plan and other orders in January 2009. On April 2, 2010, Westman filed an amended petition for dissolution, replacing the December 2008 petition for legal separation. Buecking signed the petition and marked the "joinder" box, stating, "I, the respondent, agree to the filing of an Amended Petition for Dissolution of the marriage instead of legal separation."[1]

¶6 On May 19, 2010, the parties had a one-day bench trial. Only Westman and Buecking testified. On June 23, 2010, the court entered findings of fact and conclusions of law, an order of child support, a final parenting plan, and a decree of dissolution.

¶7 Disappointed in the results, Buecking appealed. He now contends the court lacked authority to enter the decree.

---

[1] Clerk's Papers at 90.

## DISCUSSION

¶8 Whether a court has subject matter jurisdiction is a question of law. Absent such jurisdiction, the court's judgment is void.[2] A void judgment may be challenged at any time.[3] Review is de novo.[4]

¶9 By statute, the court is empowered to act on a petition for dissolution only when certain requirements have been met. One of those is a cooling off period:

When a party who (1) is a resident of this state, or (2) is a member of the armed forces and is stationed in this state, or (3) is married or in a domestic partnership to a party who is a resident of this state or who is a member of the armed forces and is stationed in this state, petitions for a dissolution of marriage or dissolution of domestic partnership, and alleges that the marriage or domestic partnership is irretrievably broken and when ninety days have elapsed since the petition was filed and from the date when service of summons was made upon the respondent or the first publication of summons was made, the court shall proceed as follows.[5]

¶10 At issue here is the meaning of the language requiring that "ninety days have elapsed since *the petition* was filed"[6] where there were actually two petitions. If the time runs from the filing of the first petition, the statute is satisfied.[7] If the time must begin to run again when the

---

[2] *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 205, 258 P.3d 70 (2011).

[3] *Id.*; RAP 2.5(a)(1).

[4] *Cole*, 163 Wn. App. at 205.

[5] RCW 26.09.030.

[6] *Id.* (emphasis added).

[7] Whether the statutory waiting period applies to a petition for legal separation appears to be an issue of first impression. The parties cite no cases addressing the issue. Although the authors of *Washington Practice* and the *Family Law Deskbook* now agree that the waiting period applies to separations, neither cites authority for that proposition, and both note that the issue has been the subject of considerable debate. *See* 20 Kenneth W. Weber, Washington Practice: Family and

petition is amended to seek dissolution, the statute was not satisfied. Buecking points out that the 90-day requirement is triggered by the allegation that the marriage is irretrievably broken, which is the required allegation for a petition for dissolution. He contends that because 90 days had not elapsed from the petition containing that allegation and seeking dissolution, the court lacked subject matter jurisdiction and the decree is void.

¶11 " 'Subject matter jurisdiction' is 'the authority of the court to hear and determine the class of actions to which the case belongs.' "[8] The classes of action over which the superior court has jurisdiction are defined by the state constitution.[9] Under the Washington Constitution, superior courts have original jurisdiction in all cases involving dissolution or annulment of marriage.[10] The petition for dissolution was within the subject matter jurisdiction of the superior court.

¶12 "If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction."[11] A court's alleged failure to operate within the statutory framework does not render its judgment void. Here, failure

---

COMMUNITY PROPERTY LAW § 30.3, at 14 (1997); 21 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 46.23, at 60 (1997); 1 WASH. STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 11.5(1) cmt. at 11-28 (2d ed. & 2006 Supp.) ("There has been considerable debate in the profession as to whether the 90-day waiting period applicable to dissolution actions is also applicable to an action for legal separation. In fact, in the first edition of this deskbook, the authors of the chapters on Divisible Divorce and on Legal Separations, both of whom discussed this issue, disagreed. . . . This author believes that the 90-day waiting period does apply to legal separations."); *see also* 1 WASH. STATE BAR ASS'N, *supra*, § 15.3(4)(a) at 15-13 (noting that "[i]t is also not clear that 90 days must elapse between the filing of a petition for legal separation and the entry of the decree, because only the decree of dissolution is specifically mentioned in RCW 26.09.030(1)-(3)").

[8] *In re Guardianship of Wells*, 150 Wn. App. 491, 499, 208 P.3d 1126 (2009) (quoting *In re Adoption of Buehl*, 87 Wn.2d 649, 655, 555 P.2d 1334 (1976)).

[9] *Cole*, 163 Wn. App. at 206.

[10] WASH. CONST. art. IV, § 6 ("superior court shall have original jurisdiction in all cases at law which involve . . . all matters of probate, of divorce, and for annulment of marriage").

[11] *Cole*, 163 Wn. App. at 209.

to observe a statutory waiting period may be a legal error, but it does not result in loss of jurisdiction. Under RAP 2.5(a), Buecking may not raise the issue for the first time on appeal. Accordingly, we decline to consider it.[12]

¶13 Affirmed.

¶14 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.

BECKER and DWYER, JJ., concur.

Review granted at 176 Wn.2d 1007 (2013).

---

[12] We note that any error easily could have been avoided had Buecking raised this issue with the trial court. Further, even if we were to agree with Buecking that the 90-day waiting period applies in the circumstances here presented, we can provide no effective relief. The statute requires the time to elapse prior to entry of the decree, not prior to trial. Remand on the waiting period issue would not permit relitigation of the property division and parenting plan; it would result merely in entry of a new decree, presumably nunc pro tunc to the 91st day, 9 days after the divorce here was entered.