2014 APR 28 AM 10: 36


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of ) | No. 70057-0-I |
| ) | |
| BEVERLY L. ANDERSON, ) | DIVISION ONE |
| Respondent, ) | |
| v. ) | |
| ) | UNPUBLISHED OPINION |
| ROBERT E. ANDERSON, ) | |
| Appellant. ) | FILED: April 28, 2014 |

BECKER, J. — A court may relieve a party from a void judgment regardless of the passage of time. Because the entering court had subject matter jurisdiction over this dispute, the decree is not void. We affirm the order denying the motion to vacate.

On October 7, 1997, a King County Superior Court judge entered an amended decree of dissolution dissolving Robert and Beverly Anderson's marriage. The decree contained a section providing that Robert was to pay Beverly a percentage of the gross amount of his social security benefits:

Social Security

When the husband commences receiving his social security benefits, he shall pay 50% of the gross amount to the wife, each month, until the wife commences receiving social security benefits under her own claim. When she commences receiving her own

social security benefits, the gross amount received by the wife shall be subtracted from the gross amount received by the husband, and the husband shall pay to the wife one-half of the difference between his benefit and her benefit on a monthly basis. Said payments shall be adjusted for income tax payable on such social security. Said transfer shall continue to be made until the first death of a party.

On October 12, 2012, Robert moved for relief from the dissolution decree under CR 60(b)(5). The basis for his motion was that Social Security benefits are not subject to distribution as property in a dissolution proceeding. See Hisquierdo v. Hisquierdo, 439 U.S. 572, 590, 99 S. Ct. 802, 59 L. Ed. 2d 1 (1979); In re Marriage of Zahm, 138 Wn.2d 213, 978 P.2d 498 (1999). The trial court denied Robert's motion to vacate and his subsequent motion for reconsideration. Robert appeals.

Robert argues that, under Hisquierdo and Zahm, the trial court lacked the "inherent power" to distribute his Social Security benefits to Beverly, rendering the decree void.

A court may relieve a party from a final judgment at any time if the judgment is void. CR 60(b)(5). A judgment is void if the entering court lacked subject matter jurisdiction. In re Marriage of Buecking, 179 Wn.2d 438, 446, 316 P.3d 999 (2013); Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258 P.3d 70 (2011). Superior courts in Washington State have subject matter jurisdiction over all types of cases unless jurisdiction is vested exclusively in another court. WASH. CONST. art. 4, § 6.

The subject matter at issue is divorce. The Washington Constitution specifically grants superior courts original jurisdiction in divorce matters. Buecking, 179 Wn.2d at 449-50, citing WASH. CONST. art. 4, § 6. Therefore, it

2

was within the trial court's subject matter jurisdiction to enter a decree of dissolution. The provision distributing Social Security benefits may be erroneous—a possibility about which we express no opinion—but that is irrelevant to the subject matter jurisdiction inquiry.

Robert could have brought a direct appeal to challenge the Social Security provision of the dissolution decree within 30 days of its entry. RAP 5.2. But he did not. He cannot avoid the consequences of that failure by resort to CR 60(b)(5).

Affirmed.

Becker, J.

WE CONCUR: