

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| YEVGENY SEMENENKO and NATALYA SEMENENKO, | ) ) ) | No. 70354-4-I |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL & HEALTH SERVICES, | ) ) ) ) | UNPUBLISHED OPINION FILED: August 11, 2014 |
| Respondents. | ) ) ) | |

BECKER, J. — When the Department of Social and Health Services reaches a formal conclusion that allegations of child abuse are founded, the person against whom the finding is entered must petition for internal review within 20 days of receiving notice. When that deadline is not met, review of the finding of child abuse is not available.

In November 2009, appellants Yevgeny and Natalya Semenenko were looking for help in dealing with their drug-addicted teenage daughter, Letitcyia. On November 10, 2009, at 2 a.m., they brought the girl to a licensed drug treatment center for admission. She resisted being admitted, and a physical struggle ensued in which the parents allegedly pushed and kicked her. The

Department received a report alleging that the Semenenkos physically abused their daughter at the treatment center.

The Department responded to this incident in two ways: by opening a case with Family Voluntary Services and by initiating an investigation through Child Protective Services. These two units of the Department are both within the Division of Children and Family Services.

On December 3, 2009, the Semenenkos received a form letter informing them that the case with Family Voluntary Services was being closed:

> Your case with ( ) Child Protective Services (X) Family Voluntary Services ( ) Child Welfare Services ( ) Family Reconciliation Services will be closed effective December 11, 2009.

The letter recommended that they continue to attempt to get Letitcyia into an in-patient treatment facility and attend support groups and classes about drug addiction. It provided contact information for requesting further services from the Division of Children and Family Services.

On April 5, 2010, Child Protective Services sent Yevgeny a certified letter to inform him of the results of the investigation into the report of physical abuse of Letitcyia and his rights concerning those results. The letter stated that the allegations were "Founded." It explained, "When an allegation is 'Founded,' it means that CPS investigated the allegation and, based on the information available, has determined that it was more likely than not that the abuse and/or neglect occurred and you are the person responsible for the abuse and/or neglect." A similar letter was sent to Natalya. The Semenenkos received their letters on April 22 and 29 respectively.

2

The letters informed the Semenenkos that "Founded" reports by Child Protective Services are kept in the computer system of the Department's Children's Administration where, though they are "confidential and cannot be released to the public," they can be released for purposes of determining "if you can be licensed or employed to provide care for children or vulnerable adults."

Once notified that the investigation ended with a founded report of child abuse, the Semenenkos had 20 days to request a Department review:

> Within twenty calendar days after receiving written notice from the department under RCW 26.44.100 that a person is named as an alleged perpetrator in a founded report of child abuse or neglect, he or she may request that the department review the finding. The request must be made in writing. If a request for review is not made as provided in this subsection, the alleged perpetrator may not further challenge the finding and shall have no right to agency review or to an adjudicative hearing or judicial review of the finding.

Former RCW 26.44.125(2) (2008).[1] The notification letters advised them of the 20-day deadline:

> CA [Children's Administration] must receive your written request for a review within 20 calendar days from the date you receive this letter. **If CA does not receive the request within 20 calendar days of the date you receive this letter, you will have no further right to challenge the CPS findings.**

The Semenenkos did not request review until almost a year later.

In November 2010, Natalya lost her job as a caregiver for the elderly when her employer performed a routine periodic background check and discovered her name on the Department's database of founded allegations of child abuse.

---

[1] Effective June 7, 2012, the legislature extended the deadline to 30 days. LAW OF 2012, ch. 259 § 11.

On March 25, 2011, the Semenenkos requested a review of the child abuse finding. The Department acknowledged their request in a responding letter sent on April 18, 2011. This letter advised the Semenenkos that they were beyond the 20-day deadline for requesting review. The letter informed the Semenenkos that they could "challenge this" by requesting the Office of Administrative Hearings to hold a hearing.

On May 12, 2011, the Office of Administrative Hearings received a letter from the Semenenkos requesting a hearing:

> We were accused in responsibility to our daughter abuse in April 2010. CPS told us that case is closed after they got all information from us and our child Letitciya.
>
> For almost a year we did not know that charges filed on our criminal records, after what I lost my job. We are good parents! There is no abuse in our family and we are requesting an administrative hearing to confirm our innocence in this matter.
>
> Please help!

The Department moved to dismiss on the basis that the Semenenkos did not request review of the child abuse finding within the 20-day deadline of former RCW 26.44.125(2).

On October 5, 2011, an administrative law judge issued an initial order granting the Department's motion to dismiss. While expressing sympathy for the Semenenkos' circumstances, the judge concluded that under former RCW 26.44.125(2), he had no authority to allow them to proceed with a hearing on the merits of the child abuse finding because they had not requested review within 20 days of receiving notice in April 2010.

The Semenenkos petitioned for review by the Board of Appeals. Their petition referred to November 2009 as the "time of our desperation" in dealing with their daughter's chemical dependency. They said they misunderstood the letter of December 3, 2009, from Family Voluntary Services and thought it said the child abuse investigation had been closed.

> Now, looking back at this paper we see that only the family services were closed not CPS, we misunderstood because the mark stood next to the CPS services. Then, for 4 months we received nothing and heard nothing. In April 2010 we received a letter stating that "we were guilty." We didn't understand, and thought it was some kind of mistake, we wanted to call CPS ourselves but our daughter Letitciya was very angry about the situation and wanted to call herself. She found the phone number on the letter and talked to someone, saying "my parents are not child abusers." She asked the person on the phone "what should we do? How can we fix this?" The lady told us that we don't need to do anything, because the case is closed. That gave us the impression that everything was over.
> . . . if we had known the truth and been given proper information on what to do we would have settled this from the start. . . . Therefore, we ask for you to give us a chance to speak and let us be heard . . . . Having an opportunity to have this hearing will hopefully put us all at a fresh start.

On May 10, 2012, the Board of Appeals affirmed the order of dismissal and on June 1, 2012, the Board denied a motion for reconsideration. The Board concluded that the Department could not grant relief. Because the Semenenkos had not timely requested internal review of the founded child abuse finding, they were not entitled to a hearing on the merits of that finding.

On June 28, 2012, the Semenenkos filed a petition for judicial review of the decision by the Board of Appeals. They asked the court to order a fair hearing to consider the child abuse finding on the merits. The court granted the Department's motion to dismiss. This appeal followed.

5

This court stands in the same position as the trial court when reviewing an administrative agency decision. Hardee v. Dep't of Soc. & Health Servs., 172 Wn.2d 1, 6, 256 P.3d 339 (2011). The party challenging the validity of agency action has the burden of demonstrating its invalidity. RCW 34.05.570(1)(a). Judicial review of administrative agency orders is governed by the Administrative Procedure Act, which provides the grounds on which such an order may be challenged. RCW 34.05.570(3). The Semenenkos contend the Department acted outside its statutory authority or jurisdiction, failed to follow a prescribed procedure, erroneously interpreted or applied the law, or issued an order not supported by substantial evidence. RCW 34.05.570(3)(b)-(e).

Department delay in completing the investigation

The Semenenkos argue that the Department acted outside its jurisdiction when it made the finding of child abuse after taking longer to finish the child abuse investigation than is permitted by statute. They request that we reverse the superior court order of dismissal, declare the child abuse finding void, and order the Department to remove their names from any registry of known child abusers.

When the investigation of the Semenenkos began in November 2009, a statute required the Department to complete an investigation into alleged child abuse within 90 days of receipt:

> For reports of alleged abuse or neglect that are accepted for investigation by the department, the investigation shall be conducted within time frames established by the department in rule. *In no case shall the investigation extend longer than ninety days from the date the report is received*, unless the investigation is being conducted under a written protocol pursuant to RCW

26.44.180 and a law enforcement agency or prosecuting attorney has determined that a longer investigation period is necessary. At the completion of the investigation, the department shall make a finding that the report of child abuse or neglect is founded or unfounded.

Former RCW 26.44.030(11)(a) (2009)[2] (emphasis added). The agency rules promulgated under this statute state that the agency attempts to complete investigations within 45 days but "in no case shall the investigation extend beyond ninety days." WAC 388-15-021(7).

The Department did not meet the 90-day deadline. The investigation began in November 2009 and was not concluded until April 2010. The Semenenkos argue that the Department's failure to complete its investigation within 90 days renders the child abuse finding void as an ultra vires act.

The Semenenkos cite CR 60(b)(5). A void *judgment* can be attacked at any time under CR 60(b)(5). Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258 P.3d 70 (2011). Because a child abuse finding is not a judgment, CR 60(b)(5) does not apply. However, a line of authority not cited by the parties establishes that an ultra vires act by a state agency can be attacked as "void" if the agency was without any authority to act on the subject. S. Tacoma Way, LLC, v. State, 169 Wn.2d 118, 123, 233 P.3d 871 (2010). And like a void judgment, a truly ultra vires act is generally subject to challenge and invalidation at any time. S. Tacoma Way, 169 Wn.2d at 124. We will therefore assume that

---

[2] This chapter was amended effective December 1, 2013. LAWS OF 2012, ch. 259, § 3. As amended, this provision appears at RCW 26.44.030(12)(a). The language is unchanged.

7

missing the statutory 20-day deadline for seeking review would not prevent the Semenenkos from obtaining relief from the child abuse finding if the finding were void as an ultra vires act.

The Department responds that the finding cannot be void because the 90-day time limit is only directory, notwithstanding the legislature's use of the word "shall." Whether the 90-day time limit is mandatory or directory is an important issue, but it need not be decided in this case. Even if the Department's failure to complete its investigation within 90 days violated a mandatory requirement, the finding that resulted from that investigation is not ultra vires.

A government action is truly ulta vires only if the agency was without authority to perform the action. S. Tacoma Way, 169 Wn.2d at 122. Here, it is undisputed that the Department was authorized to make a finding of child abuse. The Department's failure to make the finding within 90 days was a procedural irregularity, not an ultra vires act. See S. Tacoma Way, 169 Wn.2d at 121-26. We conclude the finding of child abuse is not void and the Semenenkos are not entitled to have it vacated.

The Semenenkos attached two unpublished trial court orders as appendices to their reply brief to show that some superior courts have vacated findings of child abuse when shown that the Department's investigation was not completed within 90 days. The Department has moved to strike. In view of our resolution of the 90-day issue, it is unnecessary to consider the motion to strike.

8

Equitable estoppel

Alternatively, the Semenenkos contend the Department is equitably estopped from enforcing the 20-day deadline against them. "Equitable estoppel is based on the principle that: 'a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon.'" Kramarevcky v. Dep't of Soc. & Health Servs., 122 Wn.2d 738, 743, 863 P.2d 535 (1993), quoting Wilson v. Westinghouse Elec. Corp., 85 Wn.2d 78, 81, 530 P.2d 298 (1975). A party asserting equitable estoppel against the government must prove the following by clear, cogent, and convincing evidence: (1) a party's admission, statement, or act inconsistent with its later claim; (2) action by another party in reliance on the first party's act, statement, or admission; (3) injury that would result to the relying party from allowing the first party to contradict or repudiate the prior act, statement, or admission; (4) necessary to prevent a manifest injustice; and (5) the exercise of governmental functions must not be impaired as a result of estoppel. Kramarevcky, 122 Wn.2d at 743-44. Equitable estoppel against the government is disfavored. Kramarevcky, 122 Wn.2d at 743.

The Semenenkos claim they were confused by the December 3, 2009, letter informing them that the case with Family Voluntary Services was being closed. They thought it meant that the child abuse investigation had been closed and there was nothing more they needed to do to be cleared of the child abuse allegation. They say that in April 2010 when they received the letters informing them of the child abuse finding, their daughter Letitciya called the Department to

clarify. They claim the Department specifically told them, through Letitciya, that the letters must be a mistake and to ignore them.

The information allegedly communicated to Letitciya over the telephone cannot serve as the basis for finding equitable estoppel against the government because the Semenenkos do not show the person on the phone with Letitciya was someone with authority to speak for the Department. Thus, it is not clear, cogent, and convincing evidence of a statement by the Department inconsistent with its later claim that the letters sent in April 2010 triggered the 20-day deadline. Cf. Ruland v. Dep't of Soc. & Health Servs., 144 Wn. App. 263, 182 P.3d 470 (2008). In Ruland, no one could dispute that the inconsistent communication occurred. The assistant attorney general made the predicate statement on the record at a prehearing conference. Here, the Semenenkos did not identify the person who allegedly made the statement on behalf of the Department. Because their evidence is insufficient to prove an inconsistent statement, their claim of equitable estoppel fails.

Good cause excuse

The Semenenkos also argue that the statutory 20-day deadline for requesting internal review is not enforced where there is a showing of "good cause." They ask this court to find they had good cause excusing their untimely request for review. They request that the matter be remanded for an adjudicative hearing where they would have the opportunity to argue the merits of the child abuse finding.

10

The Semenenkos cite a regulation promulgated under the Administrative Procedure Act, RCW 34.05.020. The regulation is entitled "What does good cause mean?" WAC 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. The regulation defines "good cause" and provides guidance for an administrative law judge who is asked to make a finding of good cause:

> (1) Good cause is a substantial reason or legal justification for failing to appear, to act, or respond to an action. To show good cause, the ALJ must find that a party had a good reason for what they did or did not do, using the provisions of Superior Court Civil Rule 60 as a guideline.
> (2) Good cause may include, but is not limited to, the following examples.
> (a) You ignored a notice because you were in the hospital or were otherwise prevented from responding; or
> (b) You could not respond to the notice because it was written in a language that you did not understand.

WAC 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.

The regulation explains how an administrative law judge will interpret and apply the term "good cause" in a proceeding where the term is relevant. The regulation does not provide general substantive authority to invoke good cause as an excuse whenever a party fails to meet a statutory deadline. Here, the statute establishing the deadline, former RCW 26.44.125(2), does not provide substantive authority permitting the Department to waive the 20-day deadline when good cause is shown.

The Semenenkos point out in their reply brief that the applicability of WAC 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 was raised in a similar case, Ryan v. Department of Social & Health Services, 171 Wn. App. 454, 287 P.3d 629 (2012). The Department agreed in that case that WAC 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 applies to late hearing requests made by an

11

alleged perpetrator of abuse. Ryan, 171 Wn. App. at 464. But the Department has not made the same concession in this case, and the appeal in Ryan was decided on other grounds. The opinion contains no holding pertinent to the applicability of WAC 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.

We conclude the Semenenkos were not entitled to have the Department apply WAC 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 as a basis for considering whether they had a good cause excuse for missing the 20-day deadline for requesting review. Because the Semenenkos did not timely seek internal review of the child abuse finding, they are not entitled to a hearing on the merits of that finding.

Notice requirements

The Semenenkos also argue that they are exempt from the consequences of missing the review deadline because the Department did not comply with the notice requirements of RCW 26.44.100.

Under RCW 26.44.100(2), the subject of a child abuse report must be notified of a finding of child abuse when the investigation is completed. Under former RCW 26.44.125(2), an alleged perpetrator who has received "written notice under RCW 26.44.100" must request review within 20 days or review will not be available. As the result of an amendment effective June 7, 2012, the 20-day deadline for seeking review does not apply if the Department did not comply with the notice requirements of RCW 26.44.100:

> If a request for review is not made as provided in this subsection, the alleged perpetrator may not further challenge the finding and shall have no right to agency review or to an adjudicative hearing or judicial review of the finding, unless he or she can show that the department did not comply with the notice requirements of RCW 26.44.100.

RCW 26.44.125(3) (new language is underlined).

The Semenenkos contend that the notification letters they received in April 2010 did not comply with the notice requirements in RCW 26.44.100 because the Department did not complete the investigation within 90 days. Even if the new language in RCW 26.44.125 applies retroactively, which has not been demonstrated, it is not helpful to the Semenenkos. The Department's delay in completing the investigation does not make the notice of the completed investigation deficient under RCW 26.44.100 RCW. The requirement that the Department complete its investigation within 90 days is found in a different statute, RCW 26.44.030.

Missing administrative record

The Department Board of Appeals was supposed to transmit a certified copy of the administrative record to the superior court. Although the Board notified the parties that it had done so, the administrative record was never properly filed in superior court. The administrative record is before us on appeal as a result of the parties' agreement to supplement the record.

The Semenenkos deduce that the superior court must not have reviewed the administrative record. They contend the court's failure to consider their petition in light of the actual record requires the order of dismissal to be reversed and remanded.

The record is important to judicial review of a decision by a lower tribunal. The superior court should not undertake judicial review of an agency decision without a record. Nevertheless, if that is what occurred here, remand is not

13

necessary because this court stands in the same position as the superior court. The decision under review is the Department's decision to dismiss the Semenenkos' claims without allowing them an evidentiary hearing on the merits of the child abuse finding. As the issues are entirely legal, nothing would be accomplished by a remand.

The order of dismissal is affirmed. The Semenenkos' request for an award of attorney fees is denied.

Becker, J.

WE CONCUR: