**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74415-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SEAN THOMPSON O'DELL, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 17, 2017 |
| | ) | |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2011 APR 17 AM 9: 14

Cox, J. – Sean O'Dell appeals his sentence. He previously appealed an earlier sentence in this same matter and the supreme court remanded for resentencing. The trial court did not abuse its discretion in following the supreme court's guidance in O'Dell's earlier appeal. We affirm.

Ten days after his 18th birthday, Sean O'Dell raped a child in the second degree. Following trial, he requested that the court impose an exceptional sentence, below the standard range, because of the mitigating effect of his youth.[1] The trial court concluded it could not consider his youth in mitigation, based on the supreme court's opinion in State v. Ha'mim.[2]

O'Dell appealed and the supreme court granted review.[3] That court clarified Ha'mim and held that youth could be considered to the extent it

---

[1] State v. O'Dell, 183 Wn.2d 680, 685, 358 P.3d 359 (2015).

[2] Id.; State v. Ha'mim, 132 Wn.2d 834, 940 P.2d 633 (1997).

[3] Id. at 686.

mitigated the defendant's culpability.[4]  The court remanded for resentencing.[5]

Returning to the trial court, O'Dell asked again for a mitigated exceptional sentence.  The trial court analyzed and applied the supreme court's guidance in this matter.  But it denied his request and sentenced him within the standard range.

O'Dell appeals.

## MITIGATED EXCEPTIONAL SENTENCE

O'Dell argues that the trial court abused its discretion in failing to adequately consider the mitigating effect of youthfulness in sentencing.  We disagree.

RCW 9.94A.535(1) grants a trial court discretion to impose an exceptional sentence below the standard range if it finds, by a preponderance of the evidence, mitigating circumstances to do so.  The factors it may consider include, at RCW 9.94A.535(1)(e), "[t]he defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law."

The supreme court decided, in O'Dell's earlier appeal, that these factors permit the trial court to consider the defendant's youthfulness.  That decision guides our review.

---

[4] Id. at 689.

[5] Id. at 699.

At initial sentencing, O'Dell had asked the trial court to impose a mitigated exceptional standard based on the RCW 9.94A.535(1)(e) factors.[6] Several members of his family and community testified to his youthfulness and its effect on his character.[7] But the trial court concluded that it could not consider age as a mitigating factor, based on the supreme court's decision in Ha'mim.[8] This court agreed and affirmed.[9]

The supreme court reversed, concluding that the trial court had misinterpreted Ha'mim.[10] That decision had barred courts from "impos[ing] an exceptional sentence automatically on the basis of youth, absent any evidence that youth in fact diminished a defendant's culpability."[11] But when the defendant's youth did in fact mitigate his culpability, it became relevant to the trial court's consideration of RCW 9.94A.535(1)(e).[12]

The supreme court analyzed that relevance based on social science studies relied upon by the United States Supreme Court in recent juvenile sentencing cases.[13] These studies "reveal[ed] fundamental differences between

---

[6] Id. at 685.

[7] Id. at 697-98.

[8] Id. at 685.

[9] Id. at 686-87.

[10] Id. at 689.

[11] Id.

[12] Id.

[13] Id. at 695.

3

adolescent and mature brains in the areas of risk and consequence assessment, impulse control, tendency toward antisocial behaviors, and susceptibility to peer pressure."[14] And these differences could persist past the defendant's 18th birthday.[15]

But the court clarified that such factors did not mandate mitigation per se.[16] Rather, the trial court had to consider the defendant's youth in exercising its sentencing discretion.[17] And the defendant had to offer facts showing that youth impaired his own capability, "since youth does not per se automatically reduce an adult offender's culpability."[18]

Thus, we review for abuse of discretion the trial court's consideration of youth in determining whether to grant a mitigated exceptional sentence.[19]

Here, the trial court followed the supreme court's instruction in considering the effect of O'Dell's youth. It first identified the framework within which it would consider the specific facets of youth noted by the supreme court: risk and consequence assessment, impulse control, tendency toward antisocial behaviors, and susceptibility to peer pressure. And it explained that it considered

---

[14] Id. at 692 (footnotes omitted).

[15] Id. at 695.

[16] Id.

[17] Id. at 696.

[18] Id. at 689.

[19] Id. at 699.

4

these factors as they went to O'Dell's capacity to appreciate the wrongfulness of his conduct or to conform his conduct in accordance with that appreciation.

Regarding risk and consequence assessment, the court found that O'Dell had demonstrated this capability when he hesitated to commit the rape based on concerns of its illegality. It determined his youthfulness did not deprive him of impulse control, based on letters and testimony that he was "quite a thinker" and "thought very carefully" about decisions and solutions. The court also found that O'Dell had no tendency toward antisocial behaviors, based on the same and similar letters that showed him to be a good and involved member of his family and community. And it found nothing in the record to suggest either a susceptibility to peer pressure or the presence of peer pressure in this matter.

Applying these findings, the court determined that O'Dell was not immature and, thus, his youth did not justify a mitigated exceptional sentence. Accordingly, the trial court properly considered the effect of O'Dell's age and soundly exercised its discretion in denying an exceptional mitigated sentence.

O'Dell makes several further arguments against the specific nature of the trial court's consideration. First, he argues that the trial court abused its discretion in comparing the effect of youth on O'Dell with similar effects amongst peers in his age group. He contends that the court should have compared that effect on O'Dell with the character of adult offenders. This argument is unpersuasive.

As discussed above, the supreme court identified certain facets of youth that differentiate young from adult offenders. It held that the trial court could

consider these factors to the extent they mitigated the defendant's culpability. But it also held that age could not dictate a mitigated exceptional sentence per se. Thus, the court's focus, and that of the cases upon which it relied, remained on individualizing the defendant's sentence.

Here, the trial court did find that O'Dell was not "immature *for his age*."[20] But its consideration went much further. It analyzed in depth the various facets of youth identified by the supreme court. And it considered their effects on O'Dell's individual decision making in the crime at issue. Its focus remained on O'Dell, not broad categories of comparison. This is in accord with the supreme court's instruction. Thus, there was no abuse of discretion here.

Second, O'Dell argues that the trial court improperly and only focused on O'Dell's capacity to appreciate wrongfulness to the exclusion of youth's other effects. This argument is also unpersuasive.

Here, as discussed above, the trial court considered numerous facets of youth as they manifest in O'Dell's character. Thus, the trial court did not abuse its discretion in this regard.

Third, O'Dell argues that the trial court abused its discretion by not considering that youth fades and, thus, immature juveniles are uniquely susceptible to rehabilitation. This argument is unpersuasive.

The supreme court did not discuss the importance of a youth's rehabilitative potential in considering age under these circumstances. But the United States Supreme Court cases upon which it relied did so. Those cases

---

[20] Report of Proceedings (Nov. 25, 2015) at 42 (emphasis added).

took place in dispositively different contexts. Roper v. Simmons[21] concerned imposition of the death penalty on juveniles. Graham v. Florida[22] and Miller v. Alabama[23] concerned imposition of life without parole on juveniles. The permanence of these sentences places special emphasis on the offender's susceptibility to reform and rehabilitation.

Here, the trial court sentenced O'Dell to 95 months in prison. Unlike the sentences in Roper, Graham, and Miller, such a term of imprisonment allows for future release and, thus, does not deny O'Dell the opportunity to rehabilitate. The trial court referred to that fact in advising O'Dell: "Your life is not over."

Lastly, O'Dell argues that the trial court abused its discretion by relying on the supreme court dissent in his earlier appeal. Not so.

"[T]he meaning of a majority opinion is not found in a dissenting opinion."[24] "[A] dissenting opinion is not law."[25]

Here, at sentencing, the trial court read from the dissent, not for its legal analysis, but for its account of undisputed facts in the first sentencing proceeding. And the majority opinion had suggested that both it and the dissenting justices disagreed not on the substance of the factual evidence but on its interpretation.[26]

---

[21] 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005).

[22] 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

[23] 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[24] Cole v. Harveyland, LLC, 163 Wn. App. 199, 207, 258 P.3d 70 (2011).

[25] Gen. Constr. Co. v. Pub. Util. Dist. No. 2 of Grant County, 195 Wn. App 698, 708, 380 P.3d 636 (2016).

[26] O'Dell, 183 Wn.2d at 693 n.10.

O'Dell does not explain why the trial court could not consider such facts, incidentally noted in the dissent, when it was not applying any legal analysis proposed by the dissent. And, more importantly, he does not explain why this discussion prejudiced the sentencing, given the trial court's extensive further consideration. Thus, there was no abuse of discretion here.

## SENTENCING JUDGE

O'Dell argues that if we remand this case for resentencing, we should order that further proceedings be conducted by a different judge. We need not address this request because it is moot.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Spearman, J._                    _Dwyer, J._