# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FIFE PORTAL, LLC, a Washington Limited Liability Company; FIFE PORTAL 140 OWNERS ASSOCIATION, LLC, a Washington Limited Liability Company; Z.V. COMPANY, INC., a Washington Corporation, | No. 52415-5-II |
| Appellants, | UNPUBLISHED OPINION |
| v. | |
| CENTURYLINK, INC., a Washington Corporation; PACIFIC UTILITY CONTRACTORS, INC., a Louisiana corporation licensed to do business in Washington, JOHN DOE 1; JOHN DOE 2, | |
| Respondents. | |

MAXA, J. – Fife Portal, LLC; Fife Portal 140 Owners Association, LLC ("Association"); and Z.V. Company, Inc. (collectively "Fife Portal") filed suit against CenturyLink, Inc. and its subcontractor Pacific Utility Contractors, Inc. ("Pacific") to recover for damage to Fife Portal's property and underground utilities. Pacific caused the damage when drilling for the installation of underground conduit for CenturyLink. The trial court found Pacific liable as a matter of law on summary judgment.

Fife Portal sought to recover as damages the value of time spent working on the property repair and the lawsuit by George Humphrey, allegedly working for his independent company First Corps, Inc., and by Peter Wooding. Humphrey was the manager of Fife Portal, LLC and

the president of the Association. Wooding managed Z.V. Company's property. The trial court in a partial summary judgment order precluded Fife Portal from making this claim because it involved the personal time of Humphrey and Wooding, which the court ruled was unrecoverable.

Fife Portal also sought to present evidence that Humphrey's estimate for future restoration costs regarding Fife Portal's property should include an amount for unknown conditions on the damaged property. In an evidentiary ruling during trial, the trial court precluded Fife Portal from presenting this evidence.

At trial, the trial court granted CenturyLink's motion for judgment as a matter of law and dismissed all of Fife Portal's claims against CenturyLink. A jury subsequently awarded Fife Portal damages against Pacific. The court entered judgment against Pacific for the amount of the awarded damages, treble damages, interest, and attorney fees. Pacific eventually paid that judgment in full. Fife Portal acknowledges that Pacific's payment of the judgment generally precludes Fife Portal from recovering the judgment amount again from CenturyLink even if CenturyLink is found liable. But Fife Portal claims that its appeal regarding CenturyLink's liability is not moot because this rule does not apply to treble damages, which can be recovered twice from different parties.

We hold that (1) the trial court did not err in granting partial summary judgment precluding Fife Portal from seeking recovery for the value of Humphrey's and Wooding's time or in excluding evidence at trial that Humphrey's estimate for future restoration costs should include an amount for unknown conditions; and (2) Fife Portal's appeal regarding CenturyLink's liability is moot because as a matter of law, CenturyLink cannot be liable for treble damages on Fife Portal's liability theories.

Accordingly, we affirm the trial court's judgment.

FACTS

*Background*

The Association managed the Fife Portal Industrial Park in Fife. Fife Portal, LLC and Z.V. Company were two members of the Association. Humphrey was the manager of Fife Portal, LLC and the president and only officer of the Association. He also was the president of First Corps, Inc., a real estate development company that designed and developed the industrial park. Wooding managed Z.V. Company's property.

*CenturyLink's Conduit Work*

CenturyLink applied to the City of Fife for a permit to install conduits under a public right-of-way in Fife to expand CenturyLink's cable network. The right-of-way was located adjacent to Fife Portal's property. The City issued the permit in June 2015.

In September 2015, CenturyLink retained Pacific to install the conduits. CenturyLink directed Pacific to drill under a public sidewalk on the right-of-way. CenturyLink required Pacific to employ a drilling method that uses a drill to bore a path underground through which conduit can be pulled from the entry point to the exit point.

*CenturyLink's Engineering Drawings*

CenturyLink prepared engineering drawings regarding Pacific's installation of the conduits. The drawings instructed Pacific to bore under the sidewalk. CenturyLink's drawings mistakenly showed that there was a distance of nine feet from the edge of the sidewalk to Fife Portal's property line. The actual distance was six inches to a foot.

*Damage to Underground Utilities*

In October 2015, Pacific began work on installing CenturyLink's conduits. Pacific placed CenturyLink's conduits on Fife Portal's property, two or three feet beyond the boundary

3

line of the right-of-way. While drilling, Pacific struck and damaged Fife Portal's underground storm drain pipe. Without giving notice to Fife Portal, Pacific excavated the pipe, attempted to repair the damage, and reburied the drain, causing damage to Pacific's landscape area.

Several days later, Pacific again struck the storm drain pipe as well as the City's underground water main, causing the water main to rupture and blow apart asphalt above, creating a large hole. Pacific then notified Fife Portal about its work on Fife Portal's property and damage to its underground utilities.

*First Corps Work for Fife Portal*

Fife Portal hired First Corps, the original developer of the industrial park, to investigate Fife Portal's property and ascertain the extent of damage. As the president of First Corps, Humphrey rendered all services on behalf of that company.

Fife Portal asserted a claim for First Corps/Humphrey's time from October 2015 to June 2016 that totaled 568.95 hours at $350 per hour. The claim was broken down as 194 hours for "Legal" and 374.95 hours for "Site." Fife Portal produced a log that provided a date and a description of the time Humphrey spent in the two categories.

There was no written agreement between Fife Portal and First Corps regarding work on this project. Humphrey agreed to his own $350 rate on behalf of Fife Portal. Humphrey testified that eventually he would bill First Corps for his time and First Corps would bill the Association. However, the summary judgment record reflected that First Corps had not billed Fife Portal and had not been paid for these services even though they had been performed months earlier.

In addition, Fife Portal claimed as damages the value of time incurred by Wooding, the representative of Z.V. Company. Fife Portal asserted a claim for 200 hours at $250 per hour. The claim was broken down as 40 hours for "Legal" and 160 hours for "Site." Fife Portal did

4

not provide a date or description of Wooding's time. There was no evidence that Wooding had been retained to participate in repair work.

*Lawsuit Against Pacific and CenturyLink*

Fife Portal filed a lawsuit against Pacific and CenturyLink to recover for the damage Pacific caused. The lawsuit asserted claims for common law trespass; trespass under RCW 4.24.630; violation of the Underground Utility Damage Prevention Act (UUDPA), chapter 19.122 RCW; and negligence. Fife Portal sought recovery of treble damages pursuant to RCW 4.24.630 and the UUDPA.

Fife Portal moved for partial summary judgment against Pacific on liability. The trial court granted Fife Portal's motion and established Pacific's liability for common law trespass, trespass in violation of RCW 4.24.630, and multiple UUDPA violations.

*Summary Judgment on the Measure of Damages*

In March 2017, Pacific and CenturyLink filed a motion for partial summary judgment on the measure of damages under RCW 4.24.630, seeking to exclude the value of time Humphrey and Wooding spent regarding repair work on the property and the litigation. The trial court granted the motion in part. The court ruled that Humphrey's and Wooding's personal time was not compensable under RCW 4.24.630.

*Motion in Limine on "Unknown Conditions"*

CenturyLink filed a motion in limine to exclude evidence of Fife Portal's claim that Humphrey's estimate of future property repairs should include a line item for unknown conditions. The trial court reserved its ruling to determine whether Fife Portal could lay a sufficient foundation for the evidence. The court expressed doubt as to the certainty of the costs calculated by Humphrey to restore the property back to the condition before it was damaged.

At trial, Humphrey testified that he compiled a summary of costs already incurred and future costs. Among the future costs identified by Humphrey was a $25,000 contingency fee for unknown conditions. Humphrey stated that in his experience, he always included a contingency fee in construction estimates for worst case scenarios.

After hearing Humphrey's testimony, the trial court granted CenturyLink's motion in limine and excluded further testimony on unknown conditions as part of Humphrey's repair estimate. The court stated that "a lot of this is unknown conditions, frankly, in my book." 11 Report of Proceedings at 719. The court later confirmed that it had sustained a defense objection to the line item for unknown conditions.

*Judgment as a Matter of Law*

At the close of Fife Portal's case in chief, CenturyLink moved for judgment as a matter of law on all direct and vicarious liability claims against it. The trial court entered judgment as a matter of law in favor of CenturyLink on all claims and dismissed CenturyLink from the case.

*Verdict and Judgment*

The jury found that Fife Portal incurred $195,074.79 in damages because of Pacific's conduct. The trial court trebled the damage award as allowed under RCW 4.24.630 and the UUDPA and awarded attorney fees and costs of $267,748.61. The court entered judgment against Pacific for $852,972.98.

Pacific eventually paid the judgment in full, including the treble damages. The trial court entered a satisfaction of judgment.

Fife Portal appeals the trial court's summary judgment order and evidentiary ruling regarding damages evidence and the trial court's entry of judgment as a matter of law in favor of CenturyLink.

ANALYSIS

A.    SUMMARY JUDGMENT REGARDING INVESTIGATION TIME

Fife Portal argues that the trial court erred in granting partial summary judgment on its claims under RCW 4.24.630 for the value of time spent by Humphrey and Wooding in investigating the damages Pacific caused and managing restoration efforts. We disagree.

1.    Summary Judgment Standard

Our review of a dismissal on summary judgment is de novo. *Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 569, 459 P.3d 371 (2020). We review all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 368, 357 P.3d 1080 (2015). We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Mackey*, 12 Wn. App. 2d at 569. A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation. *Id.*

The party moving for summary judgment has the initial burden to show there is no genuine issue of material fact. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 183, 401 P.3d 468 (2017). A moving defendant can meet this burden by showing that there is an absence of evidence to support the plaintiff's claim. *Id.* Once the defendant has made such a showing, the burden shifts to the plaintiff – here, Fife Portal – to present specific facts that show a genuine issue of material fact. *Id.* Summary judgment is appropriate if a plaintiff fails to show sufficient evidence to establish the existence of an element essential on which he or she will have the burden of proof at trial. *Lake Chelan Shores Homeowners Ass'n v. St. Paul Fire & Marine Ins. Co.*, 176 Wn. App. 168, 179, 313 P.3d 408 (2013).

2. Damages Under RCW 4.24.630(1)

RCW 4.24.630(1) provides:

> Every person who goes onto the land of another and . . . wrongfully causes waste or injury to the land . . . is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. . . . *Damages recoverable under this section include, but are not limited to*, damages for the market value of the property removed or injured, and for injury to the land, *including the costs of restoration*. In addition, the person is liable for reimbursing the injured party for the *party's reasonable costs, including but not limited to investigative costs* and reasonable attorneys' fees *and other litigation-related costs*.

(Emphasis added.)

The trial court ruled on summary judgment that Pacific violated RCW 4.24.630(1) when it drilled on Fife Portal's property and damaged underground utilities. The question here is whether Fife Portal's claims for the value of time spent by Humphrey and Wooding is recoverable as costs of restoration or reimbursable as investigation costs.

In granting summary judgment in favor of CenturyLink, the trial court ruled that Fife Portal was precluded from asserting the claim for Humphrey's and Wooding's time because it represented their personal time. As discussed below, we affirm for different reasons. However, we can affirm on any grounds supported by the record. *Port of Anacortes v. Frontier Indus., Inc.*, 9 Wn. App. 2d 885, 892, 447 P.3d 215 (2019), *review denied*, 195 Wn.2d 1005 (2020).

3. Claim for Humphrey's "Legal" Time

Fife Portal asserted a claim for time Humphrey spent on matters that were characterized as "Legal." However, Fife Portal's claim for Humphrey's time is for services rendered on behalf of First Corps. There is evidence that Fife Portal retained First Corps to coordinate repair efforts (discussed below), but there is no evidence that Fife Portal retained First Corps to provide *litigation* services. Therefore, the time Humphrey spent on legal matters was beyond the scope of First Corps' work.

8

Further, we conclude that time spent on legal matters is not recoverable under RCW 4.24.630(1) even if Humphrey was acting in his personal capacity as a representative of two of the plaintiffs. Fife Portal has presented no authority for the proposition that a party can recover damages for participating in litigation matters under RCW 4.24.630(1), and we have found none.[1]

We affirm the trial court's partial summary judgment order with regard to the claim for Humphrey's and Wooding's "Legal" time.

4.    Claim for Humphrey's "Site" Time

Fife Portal asserted a claim for time Humphrey spent on matters that were characterized as "Site." Fife Portal argues that the trial court erred in precluding this claim because Humphrey's time constituted restoration costs and investigative costs recoverable under RCW 4.24.630(1).

CenturyLink argues, and the trial court ruled, that Fife Portal's claim was for Humphrey's personal time as manager of Fife Portal, LLC and president of the Association. However, Humphrey testified that Fife Portal retained First Corps, an independent legal entity, to coordinate the repair of the damage Pacific had caused. Humphrey stated that his work was performed on behalf of First Corps and that First Corps would bill Fife Portal for his work. Viewed in the light most favorable to Fife Portal, a question of fact exists as to whether Humphrey was spending the claimed time in his capacity as a representative of Fife Portal, LLC or the Association.

---

[1] CenturyLink cites to *Washington State Physicians Insurance Exchange & Association v. Fisons Corporation*, 122 Wn.2d 299, 858 P.2d 1054 (1993), for the proposition that a party may not be compensated for litigation-related pursuits. However, the court in *Fisons* did not hold that damages for litigation-related time were not recoverable. The court simply noted the trial court's *unchallenged* ruling that such damages were not recoverable. *Id.* at 332-33.

However, Fife Portal did not present any evidence that it actually incurred costs relating to Humphrey's time. Fife Portal did not enter into a written or oral agreement to reimburse First Corps for Humphrey's time. And First Corps did not bill Fife Portal for Humphrey's time and Fife Portal never made any payments to First Corps.

Humphrey did testify that eventually he would bill First Corps for his time and First Corps would bill the Association. But the summary judgment motion regarding Humphrey's time was filed almost nine months after his last work on the project. As the nonmoving party, Fife Portal was required to come forward with evidence showing that it had incurred costs regarding Humphrey's time. *See Zonnebloem*, 200 Wn. App. at 183. Fife Portal failed to do so. In the absence of any such evidence, we conclude that summary judgment was appropriate regarding the claim for Humphrey's "Site" time.

We affirm the trial court's partial summary judgment order with regard to the claim for Humphrey's "Site" time.

5. Claim for Wooding's Time

The parties do not focus specifically on Fife Portal's claim for Wooding's time. But we hold that the summary judgment record is insufficient to support a claim for the value of his time.

The sole reference in the summary judgment record to Wooding's work regarding repair of the property in Fife Portal's claim for 40 hours for "Legal" and 160 hours for "Site." But unlike for Humphrey's time, Fife Portal presented no description of Wooding's time. And there was no other evidence as to what Wooding actually did regarding repair work at the site or the litigation. In the absence of such evidence, Fife Portal cannot create a question of fact as to

whether Wooding's time constituted costs of restoration, investigation costs, or any other amounts recoverable under RCW 4.24.630(1).

We affirm the trial court's partial summary judgment order with regard to the claim for all of Wooding's time.

B.     EVIDENTIARY RULING REGARDING ESTIMATE FOR UNKNOWN CONDITIONS

Fife Portal argues that the trial court erred when it excluded evidence that the estimate for future restoration costs should include an amount for unknown conditions. We disagree.

1.     Legal Principles

Claimants generally must establish damages with reasonable certainty. *Holmquist v. King County*, 192 Wn. App. 551, 559, 368 P.3d 234 (2016). Although mathematical certainty is not required, the amount of damages must be supported by competent evidence. *Id*. at 560. Evidence of damage is sufficient if it gives the trier of fact a reasonable basis for estimating the loss and does not require mere speculation or conjecture. *Id*.

We review a trial court's evidentiary rulings for abuse of discretion. *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 213, 258 P.3d 70 (2011). Therefore, we will overturn the trial court's ruling on the admissibility of evidence only if its decision was manifestly unreasonable, exercised on untenable grounds, or based on untenable reasons. *Gorman v. Pierce County*, 176 Wn. App. 63, 84, 307 P.3d 795 (2013).

2.     Analysis

Fife Portal argues that because it established that its property had been damaged, it was not required to establish the amount of damages with precision. Fife Portal claims that Humphrey's extensive experience in the construction industry provided an adequate foundation

for his inclusion of a line item for unknown conditions in his repair estimate and the amount of that line item.

Fife Portal also contends that contingency amounts for unknown conditions routinely are included in construction bids and repair estimates. Fife Portal cites *Chandler v. Madsen*, 197 Mont. 234, 642 P.2d 1028 (1982) for this proposition. In *Chandler*, the court held that including a 12 percent contingency in a bid to repair a damaged house was not speculative. *Id.* at 236. Fife Portal provides no Washington authority on this issue.

But the trial court here did not exclude the evidence on the ground that a contingency amount could never be included in a repair estimate. Instead, the court ruled that under the particular facts of this case, including $25,000 for unknown conditions was speculative and arbitrary because several unknowns already had been accounted for in Humphrey's estimate. The evidence showed that other aspects of Humphrey's estimate already involved imprecise numbers for costs that may or may not occur. In other words, as the trial court noted, much of Humphrey's estimate already accounted for unknown conditions.

The standard of review for the trial court's evidentiary ruling is abuse of discretion. *Cole*, 163 Wn. App. at 213. The trial court made its ruling after hearing all of Humphrey's testimony about his estimate for future repair costs. We hold that the trial court did not abuse its discretion in excluding evidence that the estimate for future restoration costs should include an amount for unknown conditions.

C.    JUDGMENT AS A MATTER OF LAW IN FAVOR OF CENTURYLINK

Fife Portal argues that the trial court erred in entering judgment as a matter of law under CR 50(a)(1) in favor of CenturyLink and dismissing Fife Portal's claims for negligence, peculiar risk vicarious liability, trespass vicarious liability, and principal-agent vicarious liability. Fife

Portal claims that its appeal regarding CenturyLink's liability is not moot even though Pacific has now paid the judgment in full because it can recover a second payment of treble damages from CenturyLink if on remand CenturyLink is found directly liable for treble damages.

We conclude that the appeal regarding CenturyLink's liability is moot because Pacific has paid the judgment in full and CenturyLink cannot be held liable for treble damages under either RCW 4.24.630(1) or the UUDPA, the only two liability theories that allow for the recovery of treble damages. As a result, we decline to address the legal issue of whether the same treble damages can be imposed on separate defendants.

1.   Issue Not Addressed in Trial Court

Initially, Fife Portal argues in its supplemental reply brief that we should remand the issue of CenturyLink's liability for treble damages to the trial court for determination because the trial court never ruled on this issue.

At times we will remand legal issues that have not yet been decided by the trial court when other case developments may mean that the issue never arises. However, CenturyLink's liability for treble damages under RCW 4.24.630(1) and the UUDPA is a legal issue that can be resolved based on undisputed facts. Therefore, we address this issue rather than remanding for trial court determination.

2.   No Direct Liability Under RCW 4.24.630(1)

CenturyLink argues that it has no direct liability for treble damages under RCW 4.24.360(1). We agree.

RCW 4.24.630(1) provides in part:

*Every person who goes onto the land of another* and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the

amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act.

(Emphasis added). Under the plain language of RCW 4.24.630(1), a party is liable if he "goes onto the land of another" and does one of three acts: (1) "removes timber, crops, minerals, or other similar valuable property from the land"; (2) "wrongfully causes waste or injury to the land"; or (3) "wrongfully injures personal property or improvements to real estate on the land."

There can be no liability under RCW 4.24.630(1) unless the defendant actually goes onto the plaintiff's land. *Kave v. McIntosh Ridge Primary Rd. Ass'n*, 198 Wn. App. 812, 824, 394 P.3d 446 (2017). "The statute's premise is that the defendant physically trespasses on the plaintiff's land." *Colwell v. Etzell*, 119 Wn. App. 432, 439, 81 P.3d 895 (2003).

Here, it is undisputed that CenturyLink did not physically go onto Fife Portal's land and cause injury. As a result, we conclude that the plain language of RCW 4.24.630(1) establishes that CenturyLink cannot be directly liable for treble damages under that statute.

3. No Direct Liability Under the UUDPA

CenturyLink argues that it has no direct liability for treble damages under the UUDPA. We agree.

RCW 19.122.070(2) states:

Any *excavator* who willfully or maliciously damages a marked underground facility is liable for treble the costs incurred in repairing or relocating the facility. In those cases in which *an excavator* fails to notify known facility operators or a one-number locator service, any damage to the underground facility is deemed willful and malicious and is subject to treble damages for costs incurred in repairing or relocating the facility.

(Emphasis added.) RCW 19.122.020(10)[2] defines an "excavator" as "any person who engages directly in excavation."

It is undisputed that CenturyLink did not directly engage in excavation. Therefore, CenturyLink does not fall within the definition of "excavator" and cannot be liable for treble damages under RCW 19.122.070(2).

The UUDPA imposes certain duties on "project owners" and "facility operators." See RCW 19.122.030, .040, .053. CenturyLink may fall into one or both of those categories. However, the UUDPA does not impose liability for treble damages for violation of any of those duties. We conclude that CenturyLink cannot be directly liable for treble damages under the UUDPA.

4.    Vicarious Liability

Pacific went onto Fife Portal's land and caused injury in violation of RCW 4.24.630(1) and violated RCW 19.122.070(2), and was found liable for treble damages as a result. Fife Portal argues that CenturyLink is vicariously liable for Pacific's conduct under various theories. If CenturyLink was vicariously liable for Pacific's liability, CenturyLink could have been required to pay the treble damages imposed on Pacific if Pacific had not already paid those damages.

However, Fife Portal argues only that CenturyLink can be liable separately for treble damages based on CenturyLink's *own* reckless and willful misconduct in order to punish CenturyLink for that misconduct. Fife Portal claims that it can recover treble damages from

---

[2] RCW 19.122.020 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current version of the statute.

CenturyLink based on CenturyLink's *own* violation of RCW 4.24.630(1) or RCW 19.122.070(2). Those arguments do not apply to vicarious liability.

Fife Portal does not argue that it can recover *separate* treble damages from CenturyLink if CenturyLink is only vicariously liable under RCW 4.24.630(1) or RCW 19.122.070(2). Therefore, we do not address that issue.

5. Mootness

An appeal is moot if we no longer can provide effective relief. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 152, 437 P.3d 677 (2019). Fife Portal acknowledges the general rule that one liable person's payment of a judgment eliminates any other person's liability for the amount paid because a plaintiff generally can only have one satisfaction of a judgment. *See Marshall v. Estate of Chapman*, 31 Wn.2d 137, 145-46, 195 P.2d 656 (1948); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 50(2) (AM. LAW INST. 1982); RESTATEMENT (SECOND) OF TORTS § 885(3) (AM. LAW INST. 1965). This rule applies here because Pacific has paid the judgment Fife Portal obtained.

Fife Portal's only argument is that this "one satisfaction" rule does not apply to treble damages, and therefore it can recover additional treble damages from CenturyLink if CenturyLink is found liable. But as we have held above, CenturyLink cannot be held liable for treble damages as a matter of law under RCW 4.24.630(1) or the UUDPA. Therefore, Fife Portal cannot obtain the relief it requests.

We hold that the appeal regarding CenturyLink's liability is moot. Therefore, we affirm the trial court's grant of judgment as a matter of law in favor of CenturyLink.

D.    ATTORNEY FEES ON APPEAL

Fife Portal argues that it is entitled to reasonable attorney fees and costs on appeal, citing

RAP 18.1 and RCW 4.24.630.  However, Fife Portal did not prevail on appeal on its RCW

4.24.630 claim.   Therefore, we decline to award attorney fees on appeal to Fife Portal.

CONCLUSION

We affirm the trial court's grant of partial summary judgment precluding Fife Portal's

claim for Humphrey's and Wooding's time and the trial court's ruling excluding evidence of Fife

Portal's claim for unknown conditions as part of future repair costs.  We hold that Fife Portal's

appeal of the trial court's entry of judgment as matter of law in favor of CenturyLink is moot.

Accordingly, we affirm the trial court's judgment.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____

MAXA, J.

We concur:

_____

LEE, C.J.

_____

SIDDOWAY, J.[3]

---

[3] The Honorable Laurel Siddoway is a Court of Appeals, Division Three, judge sitting in Division Two under CAR 21(a).